The cause was continued nisi, and at March term, 1808, in Suffolk, the opinion of the Court was delivered as follows by
* Parker, J.
[After reciting the facts from the report.] The defendant claims a right to deduct the whole sum from the plaintiff’s adventure, contending that it is a proper charge against him, being caused, as the defendant alleges, by perils of the seas, for which the plaintiff alone was accountable. But if he has not a right to retain the whole, 'he contends that the loss ought to be divided between the plaintiff and himself, and therefore that he has a right to retain one moiety thereof.
On the other hand, the plaintiff contends that no part of this sum is properly chargeable to him, because, he says, that the loss was occasioned by a defect in the vessel at the- time she received the cargo on board at Calcutta, and that, by such a loss, the defendant alone, being owner of .the ship, ought to be the sufferer.
If the loss were occasioned by the perils of the seas, according to the legal meaning of those terms, the plaintiff cannot maintain his action; because in the bill of lading, which is referred to by the parties in their contract, that risk is agreed to be taken by the plaintiff himself. But we are of opinion that the facts do not show that the loss happened from this cause. The gales, which weie met with on the outward passage, did no essential injury to the vessel; it was not found necessary to repair her at the Isle of France or at Batavia; but when she arrived at Calcutta, she was repaired with a view to fit her for her return voyage, although not sufficiently.
It is the duty of the owner of a ship, when he charters her, or puts her up for freight, to see that she is in a suitable condition to transport her cargo in safety; and he is to keep her in that condition, unless prevented by perils of the sea or unavoidable accident If the goods are lost by reason of any defect in the vessel, whether latent or visible, known or unknown, the owner is answerable to the freighter, upon the principle that he tacitly contracts that his vessel shall be fit for the use for which he thus employs her. This principle governs, not only in charter-parties and in policies of *425 insurance, but it is equally applicable in contracts of affreightment (2).
* At the time this vessel received her cargo at Cal- [ * 486 ] cutía, it is obvious that she was not fit to receive it; for, without any marine accident, but lying in the harbor, she sprung a leak. In order to avoid the consequences of this misfortune, it is incumbent on the defendant to show that it was occasioned by perils of the sea; which he cannot do, unless the gales, which happened on her outward voyage, were the cause; and even then it was the duty of the owner, or of his agent the master, to have seen that she underwent a thorough and effectual repair; if she did not, however innocent the owner may be, he must abide the loss ; for it is of the essence of his contract, that his vessel shall be able to receive, retain, and transport her cargo.
But upon looking into the survey had at Calcutta, it is at least questionable, whether the leak was not occasioned by a defect existing before the commencement of the voyage from Newburyport. The persons appointed to make the survey say, in their report, that they found a butt on the starboard side quite open; and that two inches of the seam appeared never to have been calked at all; which alone, they say, would have been sufficient to let in what water was in the hold.
But whether the vessel was, or was not, seaworthy at the time ol her sailing from Newburyport, it appears that when at Calcutta she was totally unfit to receive her cargo, añd that, therefore, the defendant is not entitled to retain any thing out of the plaintiff’s adventure, to indemnify him for the loss (3).
According to the agreement of the parties, the verdict must be amended, so that the plaintiff recover the sum of three hundred dollars and one cent, with interest from the date of his writ.

Judgment was entered accordingly, as of this term.

 Abbott on mapping, 146, &c.

 [A different rule is applied in the case of insurance.—Holdworth vs. Wise, 7 B & C. 794.—1 M. & R. 673.—Ed.]