## WORK *v.* LEATHERS.

1. Where the owner of a vessel charters her, there arises, unless the contrary be shown, an implied contract on his part that she is seaworthy and suitable for the service in which she is to be employed. He is, therefore, bound, unless prevented by the perils of the sea or unavoidable accident, to keep her in proper repair, and is not excused for any defects known or unknown.

2. A defect in the vessel, which is developed without any apparent cause, is presumed to have existed when the service began.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Thomas Hunton,* for the appellant, cited *Spofford et al.* v. *Dodge et al.*, 14 Mass. 60 ; *Havelock* v. *Geddes*, 6 Rob. Adm. 10.

*Mr. Charles B. Singleton, contra,* cited *Kimball* v. *Tucker et al.*, 10 Mass. 192; 3 Kent, Com. 205 ; Abbott, Shipp. 340 ; 1 Pars. Shipp. and Adm. 285, note (*a*) ; *Devillers* v. *Schooner John Bell et al.*, 6 La. Ann. 544 ; *Rathbone* v. *Neal*, 4 id. 563 ; *Talcot* v. *Commercial Insurance Co.*, 2 Johns. (N. Y.) 124 ; 2 Phillips, Ins., sect. 2079 ; *Sneethen* v. *Memphis Insurance Co.*, 3 La. Ann. 474.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This is a case in admiralty. On the 31st of March, 1869, Work, the libellant and appellant, chartered to Leathers the steamer " Vicksburg " for two months from that date. Leathers was to pay $1,750 per month. It is alleged by Work, but denied, that Leathers also stipulated to return the boat in as good condition as he received her, ordinary wear and tear excepted. Leathers took possession of the boat, and paid the sum agreed upon for the first month. He also paid $560 on account of the second month. During that month a shaft broke, and the cylinder-head of one of her engines was blown out. Leathers thereupon returned the boat, and refused to repair her. The libellant claims $1,850 for the repairs which he alleges Leathers was bound to make ; $1,190, the balance of the stipulated compensation for the second month ; and $5,000 for damages arising otherwise from the alleged breaches

of the contract by the respondent. Leathers insists that the boat was utterly unseaworthy when he received her, that her timbers were rotten, that the shaft was too small and cracked, though the crack was not apparent; that the boilers were unsafe, that the shaft broke and the cylinder blew out when the boat was in smooth, deep water, carrying only one hundred and ten pounds of steam ; that the sum of $560 paid for the second month was the amount due according to the time that had elapsed when the boat became disabled and he surrendered her to the owner.

Where the owner of a vessel charters her, or offers her for freight, he is bound to see that she is seaworthy and suitable for the service in which she is to be employed. If there be defects known, or not known, he is not excused. He is obliged to keep her in proper repair, unless prevented by perils of the sea or unavoidable accident. Such is the implied contract where the contrary does not appear. *Putnam* v. *Wood*, 3 Mass. 481 ; 3 Kent, Com. 205. The owner is liable for the breach of his contract, but the stipulation of seaworthiness is not so far a condition precedent that the hirer is not liable in such case for any of the charter-money. If he uses her, he must pay for the use to the extent to which it goes. 1 Pars. Adm. 265 ; 3 Kent, Com. *supra ;* Abbott, Shipp. (5th Am. ed.) 340. If a defect without any apparent cause be developed, it is to be presumed it existed when the service began. *Talcot* v. *Commercial Insurance Co.*, 2 Johns. (N. Y.) 124.

The facts set up in the answer, by way of defence, are fully established by the proofs. The current is all one way. There is no conflict. It could do no good in any wise to examine the evidence in detail. It is sufficient to announce our conclusion.

The decree of the court below dismissing the libel is

*Affirmed.*