### LEITER v. RONALDS.

(Circuit Court, S. D. New York.    February 5, 1898.)

SHIPPING—CHARTER OF YACHT—OPTION TO EXTEND—CONSIDERATION.
   Under a charter of a steam yacht for two months, at a fixed sum paid, fully equipped for a voyage to Galveston, with an option to the hirer of extending the charter at pro rata rates by giving 15 days' notice, the original consideration, together with the promise to pay pro rata rates, is a sufficient consideration for an extension thereof by exercising the option; so that if, through lack of equipment and unseaworthiness at the beginning of the original voyage, the yacht breaks down during the extended period, to the charterer's injury, he may recover therefor.

This was an action at law by Joseph Leiter against George L. Ronalds to recover damages alleged to have resulted from the breach by defendant of his obligations under a charter of a steam yacht.

Robert H. Griffin, for plaintiff.
Elijah G. Boardman, for defendant.

WHEELER, District Judge.    This cause has now been heard on demurrer to the complaint, which alleges that the plaintiff, by charter, hired the defendant's steam yacht for two months from January 9, 1896, at $3,000 paid, fully equipped for a voyage to Galveston, insured to cover the term of the charter, or any extension thereof, with an option to the hirer of extending the charter, at pro rata rates, by giving fifteen days' notice prior to the expiration of the two months; that notice was so given, extending the charter to include, upon the same terms and warranty, the port of Tampico; that the yacht was not tight, staunch, and strong, and fitted for such service, but that the propeller shafts and hangers were inadequate, and the deck and hull sprung, whereby, while the plaintiff was proceeding with it southerly to the port of Tampico, a propeller shaft broke, and with the propeller fell into the sea, causing leakage, and $5,441.97 expenses and damages to the plaintiff, not covered by adequate insurance.    The defendant's counsel argues in support of the demurrer that the express guaranties only covered the safe voyage to Galveston and return, and would be without consideration for any voyage beyond, where the loss occurred, if so agreed to.    But the price paid for the original voyage, and the

agreement to pay that for the extension, were a sufficient consideration for the whole of both; and as the breach accrued at the beginning of the original voyage, and the damage in the extended voyage, they would support the agreement as covering the damage. And the owner of a vessel, chartering her, "is bound to see that she is seaworthy, and suitable for the service in which she is to be employed. If there be defects, known or not known, he is not excused. He is obliged to keep her in proper repair, unless prevented by perils of the sea, or unavoidable accident. Such is the implied contract where the contrary does not appear." Work v. Leathers, 97 U. S. 379. The extension of the charter to include the port of Tampico would, even if by parol, and separate, seem to include this obligation, which would cover these damages, accruing, as alleged, without fault of the plaintiff or the officers or crew of the yacht, and "owing entirely to its inherent and structural defects, and unfitness for the services required of it, unseaworthiness, and lack of proper equipment." Some considerations urged in behalf of the defendant, as to how the contract of extension would be understood by the parties, might be material on trial, but cannot be here, where the allegations of the complaint have to be taken as admitted to be true. Upon the facts so here admitted, the complaint appears to set forth a good cause of action. The defendant may, however, withdraw the demurrer, and answer over by the next rule day. Demurrer overruled, with leave to defendant to answer over by next rule day.