NILS JOHNSON, *Plaintiff in Error*, v. FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

### Opinion Filed December 2, 1913.

1. A specification in a demurrer that a "plea presents no defense to the cause of action," may not be wholly insufficient where the plea is short and contains specific statements.

2. A demurrer is addressed to a plea as an entirety, and questions its legal sufficiency as the statement of a defense.

3. If, considered as a whole, a plea does not in substance sufficiently present all of the essential elements of a valid defense to the declaration or to a designated count thereof, to which it is directed, a demurrer thereto should be sustained.

4. A primary duty of a railroad common carrier imposed by law is to maintain a suitable and safe place for the delivery of baggage to passengers at their destination on the carrier's line; and in so far as it affects the safety of passengers in the

delivery of their baggage, this duty cannot be delegated to another, whether it be a separate and independent corporation or a mere employee, so as to relieve the carrier of its legal liability for an injury to the passenger caused by the negligence of those engaged in delivering baggage to a passenger on the premises used by the carrier for that purpose.

5. Whatever may be the rule of liability where injury is caused by the negligence of the employees of an independent contractor in other instances and circumstances, it does not operate to relieve common carriers from their primary duty to maintain safe accommodations for their passengers in the delivery to them of their baggage at the point of destination; nor does the rule exempt such carriers from the legal consequences of the negligence of those engaged in the delivery of baggage to passengers, whether those employed. in such delivery be the employees of the carrier or other independent corporations using and directing their own employees in the delivery of baggage to passengers at their destination on the depot premises used by the carrier.

6. The duty of the carrier to maintain a suitable and safe place for the delivery of baggage to passengers at their destination on the carrier's line is not changed when the carrier uses the premises, employees and facilities of another independent corporation, as its agency for such delivery of baggage to passengers.

7. Whether the carrier owns or controls the premises or not, and whether the carrier execises any authority or direction over the employees so engaged or not, the carrier is not relieved of the legal consequences of the negligence of the employees resulting in injury to a passenger of the carrier while properly engaged with the employees in receiving his baggage on the depot premises at his destination.

8 In an action for injuries to a passenger alighting from a railroad company's train at his destination in the depot of an independent terminal company sustained by the falling of a

trunk from a pile on the trunk platform, while the passenger was engaged in identifying his baggage for delivery, a plea that the terminal company "is a separate and independant corporation, engaged in receiving and delivering baggage to passengers" at the terminal depot over whose employees and over which corporation the defendant railroad company has no control, and is not engaged in any way in its management, and that the terminal company, its agents and servants are not the agents and servants of the defendant railroad company except for the purpose of storing and delivering baggage discharged from defendant's trains, does not state a defense to the action, since the duty of the defendant railroad company to provide a safe place for the delivery of baggage to passengers at their destination on the defendant's line cannot be delegated to another.

Writ of error to Circuit Court of Duval County; Geo. Couper Gibbs, Judge.

Judgment reversed.

*Daniel & Boggs,* for Plaintiff in Error;

*John E. Hartridge,* for Defendant in Error.

STATEMENT.

The declaration alleges:

"Nils Johnson, plaintiff, by Richard P. Daniels, Jr., and Lucien H. Boggs, his attorneys, sues Florida East Coast Railroad Company, a corporation, defendant, for this to-wit:—

That on to-wit: the first day of April, 1908, and at all times thereafter, the defendant was and is the owner of a certain line of railway, and a common carrier of passengers thereon for hire, to-wit: from St. Augustine,

Florida, to Jacksonville, Florida, and in connection there-with makes use of a certain terminal station in said Jacksonville, Florida, to-wit: the terminal station of the Jacksonville Terminal Company, for the discharge, care and reception of passengers alighting from said trains, and their luggage; that on or about the first day of April, 1908, the plaintiff took passage upon the defendant's said line of railway, and the defendant accepted the plaintiff as its passenger, for certain reward to it in that behalf paid, to be conveyed from said St. Augustine to said Jacksonville and the plaintiff likewise then and there delivered to the defendant, and the defendant then and there received of the plaintiff, certain baggage of the plaintiff, to be likewise conveyed by the defendant from said St. Augustine to said Jacksonville; that after plaintiff's arrival in said Jacksonvlle, to-wit, on the third day of April, 1908, the plaintiff at the invitation of the said Jacksonville Terminal Company, its agents or servants which was then and there the agent of said defendant for the purpose of the care, accommodation and reception of passengers and their baggage discharged from defendant's trains, entered upon the baggage premises, to-wit: the baggage platform of said Jacksonville Terminal Company for the purpose of identifying his said baggage, and while so upon said baggage platform, one of a certain pile of trunks, carelessly, negligently and insecurely piled or left piled upon said platform, violently fell upon the plaintiff and broke his right leg, and the plaintiff thereby became and was sick, sore, wounded and bruised, and suffered great anguish of mind and body, and was forced to expend large sums of money for necessary medical attendance, nursing and hospital treatment, notwithstanding which the plaintiff became and is permanently

disabled and lame by reason of said injury to said limb. And plaintiff avers that said injury occured to him by the negligence of the defendant, its agents, servants and employees in so inviting him to enter upon said baggage platform, which was then and there not a reasonably safe place, and in not maintaining said baggage platform in a reasonably safe condition.

Wherefore the plaintiff sues the defendant and claims Twenty Thousand Dollars damages."

Among other pleas the following was filed: "And for a fifth plea the defendant says that the Jacksonville Terminal Company is a separate and independent corporation, engaged in receiving and delivering baggage to passengers going to and from Jacksonville, over whose employees and over which corporation the defendant has no control, and is not engaged in any way in its management, and that the said Jacksonville Terminal Company, its agents and servants are not the agents and servants of the defendant, except for the purpose of storing and delivering baggage discharged from defendant's trains, and for no other purpose." A demurrer to this plea on the grounds that it presents no defense, that it is not responsive to the declaration, and that it admits the agency of the terminal company, was overruled. The plaintiff refused to join issue on this plea or to file a replication thereto. Final judgment for the defendant was rendered, and the plaintiff took writ of error.

WHITFIELD, J., (after stating the facts.)—The dec'aration alleges that the defendant railroad company "makes use of * * * * * the terminal station of the Jacksonville Terminal Company for the discharge, care and reception of passengers alighting from (defendant's) trains, and their baggage;" that the defendant transport-

ed the plaintiff and his baggage from St. Augustine to Jacksonville, and that "after plaintiff's arrival in Jacksonville, * * * the plaintiff at the invitation of the * * Jacksonville Terminal Company, its agents or servants which was then and there the agent of said defendant for the purpose of the care, accommodation and reception of passengers and their baggage discharged from defendant's trains, entered upon the baggage premises, to-wit: the baggage platform of said Jacksonville Terminal Company for the purpose of identifying his said baggage, and while so upon said baggage platform, one of a certain pile of trunks, carelessly, negligently and insecurely piled or left piled upon said platform, violently fell upon the plaintiff injuring him; and plaintiff avers that said injury occured to him by the negligence of the defendant, its agents- servants and employees in so inviting him to enter upon said baggage platform, which was then and there not a reasonably safe place, and in not maintaining said baggage platform in a reasonably safe condition."

Under these allegations the negligence relied on by the plaintiff is "the negligence of the defendant, its agents, servants and employees in inviting him to enter upon said baggage platform which was not * * * a reasonably safe place, and in not maintaining said baggage platform in a reasonably safe condition." It is alleged that the defendant railroad company "makes use of * * * the terminal station of the Jacksonville Terminal Company, for the discharge, care and reception of passengers alighting from its trains, and their baggage," and that the Jacksonville Terminal Company was the agent of the defendant railroad company "for the purpose of the care, accommodation and reception of

passengers and their baggage discharged from defendant's trains."

The plea in effect avers that the terminal company "is a separate and independent corporation, engaged in receiving and delivering baggage, * * * * over whose employees and over which corporation the defendant has no control, and (the said defendant) is not engaged in any way in its management," and that the terminal company, its agents and servants *are not the agents and servants* of the defendant, except for the purpose of storing and delivering baggage discharged from defendant's trains.

It is contended for the defendant that the specifications of the demurrer to the plea viz: that it presents no defense to the action, that it is not responsive to the declaration, and that it admits the agency alleged, are not proper grounds of a demurrer, if they be appropriate in a motion to strike the plea; and that the sufficiency in law of the plea as a defense to the declaration was not raised by the grounds of the demurrer.

Even if it can be said that the last two grounds of the demurrer do not properly question the legal sufficiency of the plea as a defense to the declaration as it is framed, the first specification is that the "plea presents no defense to the cause of action." This general ground of demurrer considered in the light of the specific statements of the rather brief pleadings, is not wholly insufficient to present the question of the legal sufficiency of the plea as a defense to the action.

A demurrer is addressed to a plea as an entirety, and questions its legal sufficiency as the statement of a defense. If, considered as a whole, a plea does not in substance sufficiently present all of the essential elements

of a valid defense to the declaration or to a designated count thereof, to which it is directed, the demurrer should be sustained.

Taken as a whole, the plea in substance avers that the terminal company is a separate and independent corporation engaged in receiving and delivering baggage to passengers, over whose employees the defendant has no control, and that as such separate and independent corporation the terminal company is the agent of the defendant only for the purpose of storing and delivering baggage discharged from defendant's trains. The question to be determined is whether the alleged negligence in inviting the plaintiff, a passenger alighting from the defendant's train, to the baggage platform of the terminal company and the alleged dangerous position of the trunks on the platform, can legally be attributed to the defendant railroad company.

A primary duty of a railroad common carrier imposed by law is to maintain a suitable and safe place for the delivery of baggage to passengers at their destination on the carrier's line; and in so far as it affects the safety of passengers in the delivery of their baggage, this duty cannot be delegated to another, whether it be a separate and independent corporation or a mere employee, so as to relieve the carrier of its legal liability for an injury to the passenger caused by the negligence of those engaged in delivering baggage to a passenger on the premises used by the carrier for that purpose. See 2 Hutchinson on Carriers, Sec. 938. Whatever may be the rule of liability where injury is caused by the negligence of the employees of an independent contractor in other instances and circumstances, it does not operate to relieve common carriers from their primary duty to

maintain safe accommodations for their passengers in the delivery to them of their baggage at the point of destination; nor does the rule exempt such carriers from the legal consequences of the negligence of those engaged in the delivery of baggage to passengers, whether those employed in such delivery be the employees of the carriers or other independent corporations using and directing their own employees in the delivery of baggage to passengers at their destination on the depot premises used by the carrier. The duty of the carrier to maintain a suitable and safe place for the delivery of baggage to passengers at their destination on the carrier's line, is not changed when the carrier uses the premises, employees and facilities of another independent corporation, as its agency for such delivery of baggage to passengers. Whether the carrier owns or controls the premises or not, and whether the carrier exercises any authority or direction over the employees so engaged or not, the carrier is not relieved of the legal consequences of the negligence of the employees resulting in injury to a passenger of the carrier while properly engaged with the employees in receiving his baggage on the depot premises at his destination. See Thompson on Neg., Secs. 665, 669, 2804, 3392 and authorities cited; Herrman v. Great Northern Ry. Co., 27 Wash. 472, 68 Pac. Rep. 82, 57 L. R. A. 390; Bennett v. Railroad Company, 102 U. S. 577; Illinois Cent. R. Co. v. Griffin, 80 Fed. Rep. 278; Montgomery & E. Ry. Co. v. Thompson, 77 Ala. 448, 54 Am. Rep. 72; Penfield v. Cleveland, C. C. & St. L. Co., 50 N. Y. S. 79; Floody v. Great Northern R. Co., 102 Minn. 81, 112 N. W. Rep. 875, 13 L. R. A. (N. S.) 1196; Elliott on Railroads, (2nd ed.) Sec. 1590; A. C. L. R. Co. v. McCormick, 59 Fla. 121.

The plea in effect avers "that the said Jacksonville Terminal Company, its agents and servants are * the agents and servants of the defendant, * for the purpose of storing and delivering baggage discharged from defendant's trains." The averment of the plea that the terminal company, "is a separate and independent corporation, engaged in receiving and delivering baggage to passengers going to and from Jacksonville, over whose employees and over which corporation the defendant has no control, and is not engaged in any way in its management," does not relieve the defendant common carrier of its legal liability for the negligence of the employees of its agents who are engaged in delivering baggage on the depot premises to passengers there alighting from defendant's train.

The averment of the quoted plea do not state the essential elements of a defense to the allegations of the declaration that "after plaintiff's arrival in Jacksonville * *. the plaintiff at the invitation of the said Jacksonville Terminal Company, its agents and servants which was then and there the agent of said defendant for the purpose of the care, accommodation and reception of passengers and their baggage discharged from defendant's trains, entered the baggage premises, to-wit, the baggage platform of said Jacksonville Terminal Company for the purpose of identifying his said baggage, and while so upon the baggage platform, one of a certain pile of trunks, carelessly, negligently and insecurely piled or left piled upon said platform, violently fell upon the plaintiff" and injured him.

The terminal company and its employees while engaged on the depot premises in delivering baggage to a passenger alighting there from defendant's train, were perform-

ing a primary duty imposed by law upon the carrier defendant to maintain a suitable and safe place for the delivery of baggage to passengers at their destination on its line which duty cannot be delegated so as to avoid responsibility for its performance; and the defendant carrier is liable for the legal consequences of a negligent performance of that duty by the employees of the terminal company.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.