## THE DEFENDER.

### PACIFIC TOWBOAT CO. v. DOMINION MILL CO.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3798.

Towage ⬡15(2)—In action for loss of cargo, evidence held to constitute prima facie case of negligence on part of towboat operators.

Evidence that a scow, while being towed from a point on Snohomish river to Port Blakely on Puget Sound, without excuse, struck the river bank, which was full of stumps and roots, and after entering the rough waters of the Sound the scow shipped water through her open seams, became partly submerged, and dumped nearly all of her load, held sufficient to establish a prima facie case of negligence on the part of towboat operators.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Proceeding in admiralty by the Dominion Mill Company against the Pacific Towboat Company, owner of the American tug Defender, in which defendant petitioned for a limitation of its liability. From a decree in favor of claimant for the amount of the value of the tug, defendant appeals. Affirmed.

William H. Gorham, of Seattle, Wash., for appellant.

John E. Ryan and Grover E. Desmond, both of Seattle, Wash., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. In December, 1918, the Canyon Lumber Company sold to the appellee 290,000 feet of lumber and chartered to the appellee its barge Claire to transport said lumber from a point on the Snohomish river to Port Blakely on Puget Sound. The appellant's tug Defender was engaged to tow the barge. While engaged in the towage service in the open waters of Puget Sound, the Defender discovered that 250,000 feet of the lumber had been lost from the barge. The appellee brought an action against the appellant to recover $7,-446.18, alleged to be the value of the lost lumber. Thereupon the appellant filed in the court below its petition for limitation of its liability to the amount of the value of the tug, which in the proceedings was stipulated to be $2,875. At the same time the appellant denied that the loss was caused by the fault or negligence of the tug, her master, officers, crew, or owner. The answer of the appellee alleged that the tug negligently failed to use reasonable care in towing the scow, in that while in the Snohomish river it permitted the scow to come in contact with the bank of the river, whereby it was broken and caused to leak, and that without examining the condition of the scow thereafter it proceeded into the waters of Puget Sound with the scow in a damaged condition, with the weather unsafe for towing, and failed to use reasonable care to keep the scow free from water. Testimony upon the issues was taken before a commissioner. The trial court found that the scow collided with the bank of the river, and that it must be concluded that either injury caused by that collision, or thereafter the turbulent condition of the waters of Puget Sound occasioned the loss, and that in either event the appellant was at fault and should respond in damages in the sum of $2,875.

The appellant denies the sufficiency of the evidence to sustain the finding that the scow collided with the bank of the river, and contends that there is nothing in the evidence to show that the scow impinged on a root or snag, and points to the fact that no witness testified that the collision with the bank was accompanied by noise or crashing of timber or commotion or excitement on the tug. We are not convinced that the court was in error in finding that the collision with the bank, coupled with the turbulent condition of the water of Puget Sound, occasioned the loss, and that the appellant was at fault. It may be admitted that no presumption of negligence arises from the fact that the scow was damaged during the voyage. But the fact that without excuse it struck the river bank, a bank which, according to the evidence was full of stumps and roots, is sufficient to establish a prima facie case of negli-

gence, in view of the further evidence that, after entering the rougher waters of the Sound, the scow shipped water through her opened seams, became partly submerged, and dumped nearly all of her load.

The collision with the bank may possibly have been a mere touch and go, unattended by crash or disturbance, and yet it might have been sufficient to open the seams of the scow, as the testimony conclusively established that they were opened. That they were opened by the collision is not disproved by the testimony of the captain of the tug that on arriving at the mouth of the river he "looked over the scow and she looked all right." It is not asserted that he made examination to ascertain whether there was water in the scow or whether the seams had opened. Nor is it disproved by the fact that the damage to the scow and the parting of her seams was at the stern end thereof, and not at the bow. We are impressed with the testimony of an expert witness, who said:

"You might run into the bank a dozen different times, and each time you would have a different effect on your scow."

The appellant cites authorities to the proposition that when disaster overtakes a vessel at the beginning of the voyage, without stress of weather or other adequate cause, the presumption is that she was unseaworthy when the voyage commenced. Steamship Wellesley v. Hooper & Co., 185 Fed. 733, 108 C. C. A. 71, and that, if a defect without any apparent cause be developed, it is to be presumed that it existed when the service began. Work v. Leathers, 97 U. S. 379, 24 L. Ed. 1012. But the argument leaves out of view the facts already mentioned, the fact of the collision against the bank of the river, and the fact that at the end of the voyage the scow was found damaged as has been indicated.

We find no ground for disturbing the conclusion of the court below that the scow was seaworthy. The facts shown were sufficient to cast upon the appellant the burden of proof to show that the voyage was carried out with the degree of caution and skill which prudent navigation required.

We find no error. The decree is affirmed.