## KENNY v. CITY OF NEW YORK.
### No. 146.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

William C. Chanler, of New York City (George Seagrave Franklin and John T. Condon, both of New York City, of counsel), for appellant.

Mahar & Mason, of New York City (William J. Mahar and Edward L. P. O'Connor, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Kenny furnished the City of New York with a deck scow for use by the City for fireworks display. By the agreement the City was to have the use of the scow, bare boat, for fireworks purposes during July and August and was to pay Kenny $600. Kenny was to equip the scow with lines and anchors. Kenny took the scow to the vicinity of Orchard Beach and moored it offshore at a place pointed out by the City's representative. In this position the scow rested on rocks at low tide on several occasions. At the City's direction it was moved to another mooring in the same vicinity in the latter part of August. While at the second mooring it went adrift during a storm, with resulting damage. Kenny had visited the scow from time to time by permission of the City and had pumped it out once or twice. The City had maintained signs, fire extinguishers and lights on the scow and had used it for display of fireworks. Kenny brought a libel in admiralty to recover for the damage done to the scow. The district judge who tried the case held that the City was responsible for the dam-

age and gave the libellant an interlocutory decree.

The City insists that the case was not properly brought in admiralty. We see no merit in the point. The scow was afloat and capable of navigation at all times. It was moved on one occasion, and might have been moved more frequently if the City had so desired. The contract was for the hire of the scow and was clearly a maritime contract. True, the purpose of the hiring was the display of fireworks and not the transportation of cargo, but this fact alone does not take the case out of admiralty. Bowers Hydraulic Dredging Co. v. Federal Contracting Co., D.C.N.Y., 148 F. 290, affirmed, 2 Cir., 153 F. 870; Warren & Arthur Smadbeck v. Heling Contracting Corporation, 2 Cir., 50 F.2d 99; The Showboat, D.C., 47 F.2d 286.

On the merits we agree with the district judge. Possession of the scow passed to the City under a bare boat charter. The City had the right to move the scow from one location to another in the vicinity of the beach. By putting on board signs, fire extinguishers and lights the City recognized that the scow was in its possession and control even when fireworks were not being exhibited. Kenny's visits do not negative such control; he got permission to go aboard, and his interest as owner accounted for his intermittent attentions to the scow. The vessel was delivered to the City in good condition and was returned in damaged condition. These facts cast on the City the burden of going forward with evidence to prove that the damage was not due to lack of care on its part. Ira S. Bushey & Sons v. W. E. Hedger & Co., 2 Cir., 40 F.2d 417. There was no such evidence. The district judge properly held the City responsible for the damage.

Affirmed.