## INDAMER CORP. v. CRANDON et al.
### No. 13616.

United States Court of Appeals
Fifth Circuit.

April 18, 1952.

Rehearing Denied May 28, 1952.

Leo M. Alpert, Miami, Fla., for appellant.

H. Reid DeJarnette, Samuel J. Powers, Jr., and T. J. Blackwell, all of Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against Dade County Port Authority, owner and operator for profit of Miami International Airport, Caribbean Air Transport, Inc., and Air Transport Maintenance Co., each a lessee of space in Hangar No. 3, the suit was for the loss by fire of an airplane which had been placed with Air Transport for overhauling.

The claim in general was that, by reason of the negligence of the defendants, and each of them, a fire was caused or permitted to break out in Hangar # 3, and, as a direct and proximate result of the negligence of the defendants,[1] the fire spread to, and destroyed, plaintiff's airplane.

---

1. Alleging: that the Hangar was a wooden structure with concrete buttresses, wallboard wooden siding for walls, wooden roof, exposed wooden roof trusses, without an inside ceiling, containing over 20,000 square feet of unpartitioned floor and ceiling space; that the Hangar was leased for, and devoted to, the repair of aircraft, which contain aviation gasoline and oil—inflammables; to the storage of aircraft parts and equipment—also inflammable or combustible; and to the storage of air freight, also more or less combustible or inflammable; the amended complaint proceeded to set out with particularity and precision specific acts of negligence as to each of the defendants as follows:

The defendant Air Transport answered with a general denial and affirmative pleas: (1) that the fire originated, not on its premises, but elsewhere; (2) that plaintiff saw and assumed the risks attendant upon placing its plane in the hangar; and (3) that the plane was insured for its benefit as well as plaintiff's.

Denying all the charges of negligence, the defendant Port Authority pleaded that they were acting in a governmental capacity as the County Commissioners of Dade County, Florida, and as such are not suable for torts. Caribbean Transport replied with a general denial and the pleas: (1) that plaintiff had assumed the risks attendant upon placing its plane in the hangar; and (2) that London Lloyds had insured and paid plaintiff's loss, and is the real party at interest, and plaintiff cannot maintain this suit.

The district judge overruled "the real party at interest" defense, and all other preliminary matters, but, when the plaintiff's evidence was in, he granted motions to instruct a verdict as to all of the defendants, saying in connection therewith: "As to the Air Transport Maintenance Company, I think there is more reason for the action of the court."

Appealing from the judgment on that verdict, plaintiff is here complaining of the ruling on these motions and of other rulings made in the progress of the case. Supporting its complaint with a brief fully discussing the facts and the authorities it

The acts of negligence on the part of the Dade County Port Authority, as pertinent here, are four:

1. That such Hangar so used required for reasonable safety some reasonably adequate firefighting devices but was without any reasonably adequate devices.

2. That such a Hangar so used required some Fire Alarm System but was without any.

3. That the Port Authority maintained its own Fire Fighting Force which had the power and duty to inspect Hangar 3 to see that the pit was kept reasonably safe from fire but that Force failed to prevent a fire-hazardous condition from being created (an overcrowding of the Hangar by the Defendant Caribbean Air Transport with airplane engines in wooden crates, etc., etc.) and failed to use ordinary prudence to prevent it.

4. That Port Authority had been notified by the Defendant Air Transport, prior to the fire—and sufficiently prior for the Port Authority to take remedial action,—that the conduct and activities of the Caribbean were creating an unusual and additional fire hazard by the storage of a great number of airplane engines in wooden crates which, in addition, overcrowded the Hangar, but the Port Authority did nothing about the peril although it reasonably should and could have remedied it.

The Amended Complaint charged the Defendant Caribbean Air Transport with negligence in that such Defendant engaged in conduct and activities creating an unreasonable risk from fire, as pertinent here, these are:

1. The storage within Hangar 3 of a great number of airplane engines in wooden crates overcrowding the Hangar, rendering accessibility difficult to any position of the Hangar occupied by Caribbean and adding combustible material therein.

2. Causing or permitting gasoline to be drained within the Hangar from an airplane gas tank (an exceptionally fire-hazardous and prohibited activity).

3. Failing to have reasonably adequate fire-fighting devices within its portion of the Hangar.

4. Failing to have within its portion of the Hangar any Fire Alarm System.

5. Leaving its portion of the Hangar open and failing to have any watchman therefor or any employee therein.

The basis of the case against the Defendant Air Transport Maintenance Company was that, knowing all the above, the Defendant Air Transport Maintenance Company knew its premises, being in the same fire-hazardous building without any physical separation, were not reasonably safe for Plaintiff's airplane.

The Amended Complaint then concluded that by reason of the negligence of the Defendant Caribbean Air Transport "the fire of August 6, 1947 was caused and permitted to occur as a direct and proximate result thereof, the fire originating from the draining gasoline;" and by reason of the specified acts of negligence of the Defendant Caribbean Air Transport and by reason of the specified acts of negligence of the Defendant Dade County Port Authority, "the said fire, as a direct and proximate result thereof, was caused and permitted to spread and extend throughout the Hangar, communicate itself to the airplane of the Plaintiff and completely destroy the same."

relies on, it strives manfully to show that a *prima facie* case of negligence entitling it to a jury verdict was made out against the defendants, or some of them.

Anticipating appellees' contentions as (1) that plaintiffs did not prove what caused the fire, and (2) that plaintiff's proof did not point to any act of negligence on the part of any of the defendants as the proximate cause of the fire, appellant meets these contentions head on. Insisting that it was not under the duty of showing that the fire was negligently caused; and that its burden was borne if it showed that it was negligently allowed to spread; it drove hard, as to the Port Authority, upon the non-delegable duty of the operator of an air port to keep the premises safe for the uses to which they are devoted, and its duty as a lessor of a part of its premises to keep the premises as a whole safe from the damaging effect of fires, and cited many cases in support.

As to Caribbean, appellant insists that the facts in evidence show overcrowding by it of the Hangar with airplane engines in wooden crates, making its premises inaccessible for fire fighting and that it took no adequate precaution to prevent the start and spread of fire through combustible materials, from gasoline carelessly drained or spilled from airplane tanks.

As to Air Transport Company, while appellant's brief does give it credit for exercising some care to avoid the spread of fires and for the fact that the fire did not start on its premises, it still insists that there was evidence to take the case to the jury on whether it also was negligent.

The Air Transport Maintenance Company, on Aug. 22, 1951, filed timely answer to appellant's brief. Neither the Port Authority nor the Caribbean Air Transport filed a brief until February 29, 1952, a few days before the cause was submitted, and then they filed a one page brief stating there in substance: that the action of the lower court, in directing verdict was right,

because (1) the cause of the fire was not proven, and (2) there was no negligence shown; and that they adopted the arguments of the Air Transport.

The Air Transport's brief did not in any manner attempt to exonerate Dade County or Caribbean Air Transport. It confined its arguments to its own situation as bailee for hire, contending that there was not sufficient proof that it was negligent to make out a case for the jury. It cites many authorities[2] in support of its contention that for recovery there must be proof of negligence in the causation of the fire. Seeming to think that this means only causation of the original fire, and not its spread to include appellant's plane it seeks to discount as not in point Aircraft Sales & Service, Inc., v. Bramlett, 254 Ala. 588, 49 So.2d 144; Vee Bar Airport v. De Vries, S.D., 43 N.W.2d 369, 17 A.L.R.2d 913, and other cases cited by appellant.

Deferring for the present the statement of our views upon whether Air Transport has justified the instruction as to it, we are in no doubt that nothing that is said in its brief in any way justifies the instruction given in favor of the other defendants. We are equally in none that nothing they say in their belatedly filed and meager brief affords us any assistance in arriving at our conclusion. Remitted as to these defendants to the brief of appellant and to the record, we turn to them to determine whether there was sufficient evidence of negligence to take the case to the jury as to these two defendants. So turning, we are left in no doubt that there was. Aircraft Sales & Service, Inc., v. Bramlett, 254 Ala. 588, 49 So.2d 144; Peavey v. City of Miami, 146 Fla. 629, 1 So.2d 614; Miami Beach Airline Service, Inc., v. Crandon, 159 Fla. 504, 32 So.2d 153, 172 A.L.R. 1425. Rhyne, Airports and The Courts (1944) at page 78, and 6 Am.Jur., "Aviation", Sec. 14, fully support the view that public airdrome proprietors are obliged to see that the airport is safe for aircraft, or at least to use care to see that it is. Cf.

---

2. Some of which are: Luke v. Security Storage & Van Co., Inc., La.App., 24 So. 2d 692; Warren & Arthur Smadbeck, Inc., v. Heling Contracting Corp., 2 Cir., 50 F.2d 99.

Johnson v. Florida East Coast Ry Co., 66 Fla. 415, 63 So. 713, 50 L.R.A.,N.S., 561.

Emphasizing that the significant breach of duty in this case is not so much in the origin of the fire as it is in its spread, appellant cites in support 22 Am.Jur., "Fires", Sec. 12, at pp. 602 and 603; Cobb v. Twitchell, 91 Fla. 539, 108 So. 186, 45 A.L.R. 865, in which Justice Strum was the spokesman of the court, and the bitterly litigated cases of King v. Weis-Patterson Lumber Co., beginning in 124 Fla. 272, 168 So. 858, and ending in Weis-Fricker Mahogany Co., Inc., v. King, 139 Fla. 539, 190 So. 880.

This is not to say that a verdict was demanded against these defendants. It is to say, though, that plaintiff made a *prima facie* case for the jury as to these two defendants and that the court should not have instructed a verdict as to them at the close of plaintiff's evidence.

When it comes, however, to appellee Air Transport Maintenance Co., we think the matter stands differently. The record leaves in no doubt: that, unlike the other two defendants, appellee was conscious, not only of the dangers inherent in the situation but of its duties and responsibilities, and the duties and responsibilities of the other defendants growing thereout; that it had called to the attention of Port Authority the dangers created by the conduct and activities of Caribbean; and that it had vainly importuned them to make provision for, and remedy, the situation.

Throughout its brief, appellant recognizes that Air Transport had provided a watchman and had been alert to secure improvement in conditions. On page 7 thereof it brings the case against Air Transport into this small compass, that Air Transport, knowing all of the above, knew that its premises, being in the same fire hazardous building without any physical separation, were not reasonably safe for plaintiff's airplane.

In reply to this, Air Transport, in its brief, calling attention to the many alterations it made in its section to guard against the hazards of fire and prevent its spreading, insists that it was exercising more than ordinary care. Citing Rourke v. Cadillac Automobile Co., 268 Mass. 7, 167 N.E. 231; Williamson v. Phillipoff, 66 Fla. 549, 64 So. 269, 52 L.R.A.,N.S., 412, and Luke v. Security Storage & Van Co., supra, it points out: that it was not a guarantor of the safety of the plane; that such hazards as existed were as obvious and as well known to the bailor as they were to it; and that, in the absence of a showing of some negligence on its part, the bailor may not recover against it for loss of the plane merely because of the negligence of the other defendants.

Agreeing with this view, our order will be: affirmed as to appellee, Air Transport Maintenance Corporation; reversed and remanded as to the other appellees, for further and not inconsistent proceedings.

In view of our conclusion that the judgment must be reversed for the error in instructing a verdict, we find it unnecessary to consider the errors assigned on the admission of evidence or the correctness *vel non* of other rulings made on the trial, other than to say that neither approving nor disapproving of other rulings made, we leave the questions for determination afresh on the record they made if, upon another trial, they should recur.

Affirmed as to Air Transport Maintenance Corporation; reversed and remanded as to the other appellees for further and not inconsistent proceedings.