**Alberto Nater LOPEZ, Plaintiff,**

v.

**ATLANTA-SCHIFFAHRTS—G.M.B.H.,**
**Defendant.**

**Civ. No. 161–66.**

United States District Court
D. Puerto Rico.

Oct. 27, 1966.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

## ORDER

CANCIO, District Judge.

This case is now before the Court on a motion by Plaintiff to strike an affirmative defence raised by the Defendant in this case.

The affirmative defence in question states that:

"At the time of the happening of the events alleged in the complaint the SS Christiana Pikuritz was under Bare Boat Charter to the Hamburg Americanische Paketfahrt Actien Gesellschaft."

Plaintiff objects to this affirmative defence and moves that it be stricken on the grounds that:

1. The owner of the vessel has a non-delegable duty to provide and maintain a seaworthy and safe vessel, appliances, appurtenances, cargo and crew, as well as a safe place to work.

2. The owner cannot escape the duty, even by bareboat charter of the vessel to one exonerated by law from liability to the victim.

To fortify his position he cites as authorities for his first point the following cases: Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Alaska Steamship Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798; Boudoin v. Lykes Bros. SS. Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354; Gutiérrez v. Waterman, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297. As authority for his second point he cites Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448.

■ A demise, or bareboat charter, has the practical and legal effect of shifting the possession and control of the vessel from the person of the owner to that of the demisee. It is true that the owner still has an interest in the vessel; but the principal interests that he has are in receiving the agreed hire and getting the vessel back at the end of the term. The demise is an interest for vesting in a specific person other than the owner of the vessel the faculties which are incidental to ownership without transferring the title of ownership itself.

■ In this type of charter, the principal obligation of the demisor is to furnish the vessel in a seaworthy condition at the time of the beginning of the term of charter. Work v. Leathers, 97 U.S. 379, 24 L.Ed. 1012 (1878). On the other hand, the demisee's obligations are to redeliver the vessel in as good a condition, ordinary wear and tear excepted, as that in which he received her, and to pay hire. Kenny v. City of New York, 2d Cir., 1940, 108 F.2d 958, Howard v. Dobbins-Trinity Coal Co., 2d Cir. 1940, 111 F.2d 571, cert. den. Fuel Credit Corp. v. Howard, 311 U.S. 691, 61 S.Ct. 73, 85 L.Ed. 447.

■ The most important consequences of the demise is that the demisee is looked upon as the owner *pro hac vice* of the vessel. Leary v. United States, 14 Wall. 607, 81 U.S. 607, 20 L.Ed. 756 (1872); United States v. Shea, 1894, 152 U.S. 178, 14 S.Ct. 519, 38 L.Ed. 403. It also follows as a consequence of the demise that the demisee stands liable in personam as the owner would, except where for some special reason the responsibility lies in the owner, such as would be the case where the demisor does not provide a seaworthy vessel at the beginning of the charter. Cannella v. United States, 2d Cir. 1950, 179 F.2d 491.

■ It has been settled law in the United States that the owner of a ship is liable for injuries sustained by those in its employ on account of the unseaworthiness of the vessel. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903). This responsibility cannot be delegated by the owner in the ordinary manner. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, (1946). And it is clear that a vessel cannot escape an action *in rem* because

of a bareboat charter. Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, (1963). Now the question is whether the party injured can bring an *in personam* action against the owner of a vessel where she has been demised; or whether the *in personam* action would lie only in the demisee as owner *pro hac vice.*

Once the vessel is out of the control of the owner, and provided that he has turned the vessel over to the owner *pro hac vice* in a seaworthy condition, a party who has an action against a subsequently created unseaworthy condition will have to go against the owner *pro hac vice*, who is the responsible party or against the vessel. Vitozi v. Balboa Shipping Co., 1 Cir. 1947, 163 F.2d 286. The *Yaka* case, cited by Plaintiff, is not contrary to this position. In that case, the plaintiff proceeded through an action *in rem* against the ship itself. It was the ship that was being made responsible for the damages caused by its unseaworthy condition and it was the ship itself that had to answer for the damages. On this question, The Yaka clearly states:

"Pan-Atlantic was operating the *Yaka* as demisee or bareboat charterer from Waterman. Under such arrangements full possession and control of the vessel are delivered up to the charterer for a period of time. The ship is then directed by its Master and manned by his crew; it makes his voyages and carries the cargo he chooses. Services performed on board the ship are primarily for his benefit. It has long been recognized in the law of admiralty that for many, if not most, purposes the bareboat charterer is to be treated as the owner, generally called owner *pro hac vice*. We have no doubt, and indeed Pan-Atlantic admits, that, barring explicit statutory exemption, the bareboat charterer is personally liable for the unseaworthiness of the chartered vessel, and that this liability will support a libel *in rem* against the vessel."

Reed v. The Yaka, 373 U.S. at 412, 83 S.Ct. at 1351.

Therefore, in view of the foregoing, it is ordered, adjudged and decreed that Plaintiff's motion to strike an affirmative defence be, and hereby is,

Denied.