CITY OF PENSACOLA v. MAMIE HERRON.

150 So. 877.

Division A.

Opinion Filed November 16, 1933.

*Jerry J. Sullivan,* for Plaintiff in Error;

*R. P. Reese,* for Defendant in Error.

DAVIS, C. J.—Judgment for $500.00 in favor of Mamie Herron, and in a like amount in favor of her husband, Noah Herron, was entered against the City of Pensacola for certain personal injuries alleged to have been sustained by the plaintiffs by reason of the defendant's alleged negligence in wrongfully permitting a sidewalk to be and continue, with knowledge of the municipality, in an unsafe, defective and dangerous condition. The particular defect complained of was alleged to have been an open iron curb cock water shut-off box about four to six inches in diameter which, being hollow and flush with the surface of the walkway, was allowed to become and remain uncovered along one of the city's sidewalks.

Defendant's pleas were: (1) not guilty; (2) lack of

knowledge of the defect·on the city's part; (3) contributory negligence.

The evidence tended to establish the city's contention that the alleged defect was so hidden and obscured from ordinary observation that it was not noticeable from a casual inspection. A municipality is not an insuror against latent defects in its sidewalks, and in the absence of proof of actual notice to the city of a defect like that complained of in this suit, it was necessary for plaintiff to have shown that the dangerous condition existed for such length of time prior to the accident, as to amount to implied actual notice of the condition that the circumstances of the injury brought to light.

Circumstantial evidence, consisting of proof that when the accident occurred the iron box into which plaintiff stepped was observed partially filled with trash and sand, was relied on by plaintiff below to establish notice to the city that the iron meter box had been left open and in such condition as to amount to a dangerous defect in the sidewalk which the city should remedy if it wished to escape liability to pedestrians who might be injured thereby.

When circumstantial evidence is the means of proof employed to prove an essential fact of this kind, the rule in civil cases is· that the particular inference of the existence of the fact relied on as arising from the circumstances established by the evidence adduced, shall outweigh all contrary inferences to such an extent as to amount to a preponderance of all reasonable inferences that might be drawn from the same circumstances, whereas the rule in criminal cases is that the inference drawn shall be not only consistent with the existence of the fact sought to be proved, but wholly inconsistent with any other reasonable inference to the contrary. Compare: Davis v. State, 90 Fla. 816, 107

Sou. Rep. 245, with Cobb v. Twitchell, 91 Fla. 539, 108 Sou. Rep. 186, 45 A. L. R. 865. See also: 1 Greenleaf on Evidence (14th Ed.), Chapter 13a; Jones on Evidence (2nd Ed), Chapter 12; Wigmore on Evidence, Chapters 32 and 38; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 Sup. Ct. Rep. 400, 71 L. Ed. 684.

Tested by the rule applicable to civil cases it can not be said that proof of the mere presence of sand and trash in the open iron water box *per se* warranted the fair presumption that the city had implied previous notice that the box had been left open and in such condition as to amount to a dangerous defect in the sidewalk at the time plaintiff, Mamie Herron, stepped in the same; therefore, the evidence adduced at the trial was insufficient to sustain the verdict, and a new trial should have been granted on that point.

For the deficiency in proof, the judgment must be reversed and a new trial awarded in order that additional proof may be offered, if such exists, that will meet the test of what is required to sustain plaintiff's alleged cause of action on the proposition of actual or implied notice of the defect complained of.

Reversed for a new trial.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J. (concurring specially).—I concur in the conclusion reached on the principle announced in Woodmen of the World v. Hodges, 72 Fla. 467, 73 Sou. Rep. 347, as applied to the rule relating to circumstantial evidence in civil cases.