VOSGES SYNDICATE LTD., *et al.* v. EVERGLADES CLUB COMPANY, *et al.*

168 So. 859.
Opinion Filed March 31, 1936.
Rehearing Denied May 4, 1936.

*H. J. O'Neill* (New York City), *Jos. S. White, S. C. Kearley* and *J. Leo Chapman,* for Appellants;

*Fraser, Effler, Shumaker & Winn* and *H. W. Fraser* (of Toledo, Ohio) and *Winters, Foskett & Wilcox* and *Bert Winters,* for Appellees.

PER CURIAM.—On May 14, 1935, the Circuit Court of Palm Beach County entered a decree, the substantial portions of which read as follows:

"This cause was duly presented by counsel for the parties upon final hearing held May 10, 1935. I have again examined the record in this case, and particularly the findings of the court recited in the order of November 10, 1933.

"In the light of the present record I am quite willing now to adopt that expression of my views as they exist at the present time, with the exception of the inference that the record now warrants the foreclosure of the first mortgage bond issue by the plaintiffs in this suit.

"This suit was started August 10, 1933. Approximately twenty-one months elapsed before it was presented for a final hearing. During six months the suit remained practically dormant, while a foreclosure suit in the Federal

Court was pressed. The Federal Court suit resulted in a final decree of foreclosure of the property involved in this suit and embraced under the same trust deed.

"There seems to be no need for another final decree of foreclosure.

"Plaintiffs seek further relief in endeavoring to have the Trustees removed and to have them charged by reason of certain breaches of trust. It now appears that the Federal Court has jurisdiction of the *res* as well as jurisdiction over the person of the Trustees, while this Court has no jurisdiction over the Trustees, and probably has no jurisdiction over the *res* in view of the orders heretofore entered by this Court with reference to the property.

"It would seem that no useful purpose would be served by any attempt of this Court to remove the Trustee or interfere with the trust at the present time, particularly in view of the fact that a sale of the property is to be held under the Federal Court decree on May 21, 1935. Confusion and doubt as to the validity of the title to the property, working to the detriment of all, would undoubtedly result by the entry of an order by this court attempting to reinvest itself with jurisdiction of the property.

"It is the conclusion of this court that nothing could be accomplished by a partial and ineffectual determination of the matter by this court at the present time. For lack of jurisdiction, there is no other way in which this Court may dispose of the matters presented to it in this case.

"It seems quite proper, in view of the existing complete jurisdiction of the Federal Court that the Federal Court pass upon the matter of the alleged breaches of trust by the Trustees, as well as the question of their removal and their compensation and liability, if any, all as may be presented by the record in the Federal Court.

In view of the fact that this Court at this time declines to interfere with the property, and with the Trustees, I do want to particularly state that this decree is not to be construed as, in any sense of the word, approving the actions of the Trustees: thereupon:

"IT IS ORDERED, ADJUDGED AND DECREED that the amended bill be dismissed, without prejudice, that compensation of the guardian *ad litem* be fixed at $................ and that costs in the total amount of $................ be taxed against plaintiffs, for which let execution issue."

On May 17, 1935, complainants below appealed from the foregoing decree, assigning as error the entry of an order on the 5th day of September, 1934, ordering the Circuit Court Receiver to turn over all property involved to a Receiver appointed by the Federal Court in a suit brought to foreclose the first mortgage bonds in addition to the error assigned as to the decree of May 14, 1935, above quoted.

Even if the Circuit Court of Palm Beach County was in error in entering its order of September 5, 1934, turning over the mortgaged *res* to a receiver of the Federal Court appointed in a suit begun subsequent to the institution of the suit brought in the State Court, yet no appeal was prosecuted from that order as might have been done prior to action taken and jurisdiction exercised by the Federal Court on the strength thereof as a renunciation of the State Court's jurisdiction.

The State Court suit was a suit based on certain second mortgage bonds and was not instituted by the trustee. The Federal Court suit subsequently brought was based on the first mortgage bonds and was instituted by the Trustee as provided in the mortgage. The failure of the parties to the suit in the State Court to make and properly follow up objections to the order of September 5, 1934, by taking an

appeal therefrom or applying for a stay of its effectiveness as a turn over decree putting the *res* in the custody of the Federal Court, for the purpose of allowing it to proceed to a decree of foreclosure against it, has resulted in allowing the Federal Court proceedings to progress to a final decree of foreclosure of the first mortgage bonds as against all parties in interest to the *res,* accompanied by a sale of mortgaged property under the Federal Court decree to satisfy the indebtedness adjudicated in the Federal Court.

Under the circumstances outlined by Judge Chillingworth of the State Court in his decree of May 14, 1936, there remains no justiciable question of conflict of jurisdiction between the State and Federal Courts to be now decided, nor is there shown thereby any unauthorized refusal of the State Court to exercise its jurisdiction in the suit brought in the State Court under the present circumstances.

The order of May 14, 1935, was in contemplation of law a final decree that expressly relinquished the State Court's jurisdiction over the mortgaged *res* for the specific purpose of permitting the United States District Court to consummate its own foreclosure of the first mortgage that was shown to encumber the property so ordered to be turned over to the Federal Court by the State Court Receiver.

The Federal Court at that time had already obtained jurisdiction over the Trustees under the first mortgage, over the Everglades Club Company, and over all other necessary parties, including Vosges Syndicate, Ltd., with reference to its interest in and to the Everglades Club Properties.

Whether the decree of September 5, 1934, was correct or erroneous cannot now be inquired into on this appeal, although it is assigned here as error in connection with the appeal from the subsequent decree of May 14, 1935, in

view of the fact that no appeal from the decree of September 5, 1934, which is final as to any justiciable conflict of jurisdiction over the *res* between State and Federal Courts, was entered therefrom within six months as provided by law for appealing from final decrees.

The final decree of September 5, 1934, as to jurisdiction over the *res,* being no longer capable of being reversed or modified the supplementary final decree of May 14, 1935, dismissing the suit, cannot be said to be erroneous in view of the reasons pointed out by the Chancellor for entering it, and will therefore be affirmed.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.