JOHN KING, an insane person, by his guardian, Addie WILSON KING, v. WEIS-PATTERSON LUMBER COMPANY.

168 So. 858.
Opinion Filed May 14, 1936.
Rehearing Denied June 29, 1936.

*Forsyth Caro* and *Churchill Mellen,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendant in Error.

DAVIS, J.—This suit was dispensed of in the Circuit Court

on a directed verdict for the defendant. Upon writ of error to the resultant judgment, the contention here is that there was evidence adduced at the trial sufficient to take the case to the jury. The cause of action sued on in a six count declaration was generally alleged negligence on the part of the defendant sawmill company in permitting to accumulate on its mill yard and in its sheds, and under and near its tramway, particularly in a shed known as its number one shed, a large quantity of inflammable trash which, as a proximate result of defendant's negligence became ignited and caused the fire to spread from defendant's property to the plaintiff's property, thereby damaging and destroying the same.

In directing a verdict the Court is governed by practically the same rules that are applicable to demurrers to the evidence. The party moving for a directed verdict not only admits the facts in evidence but every conclusion favorable to the adverse party which a jury might reasonably infer. Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 Sou. Rep. 975, LRA 1917E 715; Wolfe v. City of Miami, 103 Fla. 774, 134 Sou. Rep. 539, 137 Sou. Rep. 892; Alley v. Ball, 102 Fla. 1034, 136 Sou. Rep. 704; Gunn v. Jacksonville, 67 Fla. 40, 64 Sou. Rep. 435, and similar cases; Sec. 4363 C. G. L. 2696 R. G. S.

Where circumstantial evidence is relied on in a civil case to prove an essential fact or circumstance essential to recovery, the rule is that the particular inference of the existence of the fact relied on as arising from the circumstances established by the evidence adduced, shall outweigh all contrary inferences to such extent as to amount to a preponderance of all of the reasonable inferences that might be drawn from the same circumstances. This is a less rigid rule than applies in a criminal case, where the inference

drawn must not only be consistent with the fact sought to be proved, but wholly inconsistent with any other reasonable inference to the contrary. City of Pensacola v. Herron, 112 Fla. 742, 150 Sou. Rep. 877; Sovereign Camp W. O. W. v. Hodges, 72 Fla. 467, 73 Sou. Rep. 347.

Tested by the foregoing rules as to direction of verdicts in civil cases and by the rule applicable to circumstantial evidence when relied on to establish negligence in a case like that now before us involving the alleged negligent causation and spread of the fire from defendant's premises to that of the plaintiff, it appears that there was sufficient competent evidence adduced at the trial below to warrant and require submission of the issues involved to the jury. Therefore it was error to direct a verdict for the defendant and the judgment is accordingly reversed therefor with direction to award a new trial.

Reversed for a new trial.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.