Leona Reed, *et vir,* v. The American Insurance Company of Newark, N. J.

175 So. 224.
Opinion Filed May 20, 1937.
Rehearing Denied June 29, 1937.

*W. D. Bell* and *Sheppard & Clements,* for Plaintiff in Error;

*Henderson & Franklin* and *Batchelor & Dyer,* for Defendant in Error.

Davis, J.—In this case the plaintiff in error brought suit on a policy of fire insurance. After a trial on the merits, the jury found a verdict for the insurance company. Plaintiff below has appealed.

We are of the opinion that plaintiff below sufficiently proved that she was the sole and unconditional owner of the property within the meaning of the policy requiring sole and unconditional ownership as a condition to the insurance when she showed that she had unqualifiedly agreed to buy it, and the vendor had unqualifiedly agreed to sell it, at a fixed price and on terms, pursuant to which she had entered into possession of and conditionally held and enjoyed property until she ultimately paid for it in full.

The eventual performance on the married woman's part of her original bargain inures to her benefit and relates back to the inception of the obligation contemplated by the original agreement. It therefore does not lie within the province of the insurance company to now repudiate on the married woman's behalf the legal effect of an agreement that, while it was inchoate, may have been unenforceable against the married woman insured, but since has nevertheless become fully carried out and executed and not repudiated or disaffirmed.

The vendor in such case was at all times in a position to compel the married woman to pay for the property and to suffer any fire loss that occurred up till the time of the fire so long as the married woman insured continued to act upon an affirmance of the contract and not in negation of it, because the vendee could not have retained the possession and enjoyment of the property and at the same time have repudiated the obligation she had assumed for its purchase price.

So, as to the insurance company, the plaintiff below became and remained the sole and unconditional owner of the

property so long as she elected to affirm and perform her agreement by continuing in possession and claiming under her purchase, although as a married woman she could, at any time, have elected to disaffirm the contract and discontinued performance by refusing to complete her payments of the agreed purchase price. The latter contingency, however, became of no concern to the insurance company when no such repudiation transpired before or after loss. See: Insurance Co. of North America v. Erickson, 50 Fla. 419, 39 Sou. Rep. 495, 2 L. R. A. (N. S.) 512, 111 Am. St. Rep. 121, 7 Ann. Cas. 495; Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 Sou. Rep. 799, 138 Am. St. Rep. 171.

To the extent that the Court's charge varied from the rule just stated, it is disapproved as incomplete, but not necessarily as amounting to reversible error in the absence of a request for a more complete instruction on the subject of sole and unconditional ownership as applied to a situation like the case at bar wherein the contract of the married woman was subsequently performed in full.

One of the issues, perhaps the principal one, tried by the jury was on the defendant's plea that the insured willfully set fire to the insured property. There was circumstantial evidence legally sufficient to support a finding in the affirmative of defendant's plea setting up this issue. In civil cases the preponderance of evidence required where circumstantial evidence is relied on as the method of proof, is a preponderance of all reasonable inferences that might be drawn from the circumstances in evidence to prove the principal fact sought to be established sufficient to outweigh all other contrary inferences. King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 Sou. Rep. 858. The evidence in this case measures up to the standard just cited, so no error was committed in denying plaintiff below a new trial. Other points argued have been examined, but found

unsubstantial to cause a reversal of the judgment, which is hereby affirmed.

Affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—At the time the policy was procured, was the married woman unconditionally bound to pay the purchase price? If the loss had occurred then, would she have sustained the loss? Could she not have refused to pay the purchase price and thus thrown the loss upon the vendors? It seems to me that the answer to these questions is obvious, and that such answers show that the married woman vendee could not have been compelled to pay the purchase price and therefore she was not the sole and unconditional owner when the policies were written. With this qualification I concur in the affirmance.