WEIS-FRICKER MAHOGANY COMPANY, INC. (Successors of Weis-Patterson Lumber Company), v. JOHN KING, a Person Insane and Adjudicated Insane, by His Guardian, ADDIE WILSON KING.

190 So. 880
Division A
Opinion Filed July 28, 1939
Rehearing Denied September 15, 1939

*Watson & Pasco & Brown,* for Plaintiff in Error;

*Caro & Caro,* for Defendant in Error.

PER CURIAM.—This cause has been tried three times in the Circuit Court and has been to this Court on two former writs of error. (124 Fla. 272, 168 So. 858, and 131 Fla. 342, 177 So. 313.) It is an action at law to recover damages for the negligent burning of the house, filling station and outhouses of the plaintiff by the defendant. A fuller statement of the facts will be found in the previous cases.

It is first contended on this appeal that the judgment should be reversed because in the former appeal the case was submitted to the jury on five counts, and the jury found for the defendant on all but the fourth count, and that such being the case, the defendant was entitled to a judgment on the four counts found in its favor.

Circumstances might arise in which a trial court should be held in error for not instructing the jury on a second trial to disregard all counts in which it declined or failed to find for the plaintiff in the first trial, but in this case while it is a fact that the jury found for the plaintiff on the fourth count, there was no specific finding on the other counts. In a criminal case this would have been an acquittal on all but the fourth count, but that rule does not necessarily follow in a case like this. Being reversed the whole case (all counts) went back subject to amendment and retrial as in the first case.

It is next contended that the evidence is insufficient to show negligence on the part of defendant or that it was in any sense responsible for the fire that consumed the plaintiff's goods.

The evidence of negligence is very largely circumstantial, and has been examined carefully. It shows generally that the plaintiff in error was the owner and operator of a large lumber yard, dry kiln, and sawmill in Pensacola, that a part of this plant was a large lumber shed about five hundred feet long, located in the midst of the lumber yard, that the fire originated in this shed, near the east end, that it burst through the top of the shed into a flame almost instantly, consumed the contents of the lumber yard and spread to adjoining properties, one of which was that of defendant in error, completely destroying them.

The theory of the plaintiff was that the defendant was negligent in permitting a large amount of refuse from lumber to accumulate under a tramway that ran the entire length of the lumber shed and that this was set fire by the tractor of defendant while traversing the tramway. Defendant contends that this could not be because the last trip the tractor made over the tramway was at 4 P. M. while the fire was not discovered till 9 P. M., five hours later. It is further contended by the plaintiff that the fire was smouldering and burning slowly all this time, and that it did not break into flame till the time last stated.

The evidence is not conclusive in that there were no eye-witnesses to the starting of the fire, but it was not necessary that there be such. The test of the sufficiency of the evidence in such cases seems to be that if the circumstances proven are inconsistent with any theory than that defendant or its negligence was responsible for the fire and there is an absence of evidence tending to point to any other agency causing it, then the jury may be warranted in finding for the plaintiff. Payne v. McKinnon, 81 Fla. 583, 88 So. 495; St. Johns & H. R. So. v. Ransom, 33 Fla. 406, 14 So. 892, Elkton Auto Sales Corporation v. Mary-

land, 53 Fed. (2), 8; Reed v. American Insurance Co., 128 Fla. 549, 175 So. 224.

In addition to the circumstances here related, it is proven that the mill and lumber yard were surrounded by an inclosure, that the lumber shed was under lock and key, that a night watchman was on duty and that smoke from the refuse was smelled several times between 4 P. M. and 9 P. M., when the fire broke out.

We think therefore that the facts proven warranted the verdict and judgment which is hereby affirmed.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1937, and Rule 21-A of the Rules of this Court.