**FIREMAN'S FUND INDEMNITY COMPANY, a corporation, v. CLYDE PERRY, as Administrator of the Estate of NINA H. PERRY, otherwise known as Mrs. Clyde Perry, deceased.**

5 So. (2nd) 862                                    Special Division A
January 27, 1942          Rehearing Denied February 14, 1942

Shackleford, Farrior & Shannon, for plaintiff in error.

McKay, Macfarlane, Jackson & Ferguson, for defendant in error.

BUFORD, J.:

Writ of error brings for review judgment in favor of the plaintiff in a suit brought against the Indemnity Company on an indemnity policy which insured plaintiff's decedent against damage by loss of certain jewelry by reason of burglary, robbery, theft or larceny.

Plaintiff in error presents three questions which we are asked to determine as follows:

"1.  In an action wherein recovery is sought upon a policy insuring against burglary, robbery, theft or larceny in the trial of which the evidence adduced by the plaintiff is solely circumstantial and merely shows that certain of the insured property is missing, and where the inference of disappearance through causes not covered by the policy is as reasonable as the hypothesis of felonious loss, is the plaintiff entitled to effect recovery?

"2.  In such action where the plaintiff joins issue upon defendant's pleas, which alleged the failure of the insured to furnish proof of loss, in accordance with the policy, within sixty (60) days from the time of the discovery of the same, which Act was made a condition precedent by the specific terms of the policy, and where the evidence conclusively establishes that such proof was not furnished within said period, is the defendant entitled to a directed verdict.

"3.  Under the circumstances last stated and particularly in view of the fact that the plaintiff had filed no replication to defendant's pleas of failure to comply with conditions precedent as to furnishing proof of loss, and further in view of the fact that the only notice of proof furnished to the defendant, within the

sixty (60) day period, expressly negatived the existence of any evidence of burglary or theft beyond the disappearance of the property, was it proper to charge the jury that 'you may determine from the evidence whether or not the proof was furnished within sixty (60) days. It is also true, as a matter of law, that where the company denies liability, that does away with the necessity of furnishing proof of loss required, that is, if within the time provided by the policy for the furnishing of proof of loss the company denies liability, then the furnishing of proof is not necessary.' "

As to the first question we may say that on the record as a whole the conclusions may reasonably be drawn that the jewelry, to-wit the rings, were stolen from the bedroom of Mrs. Nina H. Perry by someone who had access to the room and under the evidence it was a matter for the jury to determine under proper charges of the court which were given, whether the rings had been so stolen or not.

In the case of Reed, et vir, v. The American Insurance Co. of Newark, N. J., 128 Fla. 549, 175 Sou. 224, we stated the rule to be applied in testing the sufficiency of circumstantial evidence in civil cases, as follows:

"In civil cases the preponderance of evidence required where circumstantial evidence is relied on as the method of proof, is a preponderance of all reasonable inferences that might be drawn from the circumstances in evidence to prove the principal fact sought to be established sufficient to outweigh all other contrary inferences. King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 Sou. Rep. 858."

In Stigletts v. McDonald, 135 Fla. 385, 186 Sou. 233, we said:

"Circumstantial evidence must as a general rule be of such a conclusive nature that it is not reasonably susceptible of two equally reasonable inferences.

Perhaps it could serve no useful purpose to detail the salient facts proved. Nevertheless, we will, in short and concise language, state them.

During her lifetime Mrs. Perry owned a wedding ring, a solitaire engagement ring and a dinner ring, which were insured as stated, supra. Mrs. Perry resided with her children, two sons and a daughter, in the City of Tampa, Florida. She sometimes kept the rings in a deposit box in a bank and when she kept them at home it was her custom to keep them in a jewelry compartment in a drawer of her dressing table, or in a lock-box which she kept in her closet. Her bedroom was located on the second floor of the building. On June 9, 1939, Mrs. Perry went with some friends to Indian Rock Beach to attend a social function at the home of a Mrs. Swann. The evidence shows that she wore the rings on this occasion; that she was wearing them when she came home and was wearing them when she went in to dinner that evening. At the dinner table she was taken ill and went immediately to her bedroom where she remained the balance of that night. There is some evidence that she was up and about the house on June 11 and 12; that she went for a short ride on one occasion between the 9th and 16th but immediately returned to her home. On the 16th of June Mrs. Perry had a turn for the worse, was taken to a hospital and there died on the 20th of June.

The rings in question were set with diamonds and the record shows, could not have been worn without being seen by those who saw the wearer. The rings were never seen by any living witness after Mrs. Perry left the supper table on the night of June 9. The evidence is conclusive that she did not have them on at any time when she left the house after June 9. Immediately upon the death of Mrs. Perry the family made a thorough search of her room and her effects. The rings could not be found. Of course, it is possible that she hid them somewhere so that they might never be found, but this is not a reasonable hypothesis. A most reasonable conclusion, from all the facts and circumstances, is that someone who had access to Mrs. Perry's room found the rings, where she had put them when she was taken ill on the night of the 9th, and appropriated them to their own use.

The record shows that at least two servants had free access to Mrs. Pery's room. It is true that these servants were negroes of good reputation. The record also shows that other jewelry belonging to Mrs. Perry, having practically no value except a sentimental value, was found in the receptacle as stated, supra, where Mrs. Perry usually kept her jewelry and that nothing appeared to be missing except the valuable diamond rings.

The record also shows that at the time Mrs. Perry was taken to the hospital neither her sons nor her daughter were at home and that the servants then had free run of the house.

We think that this meets the rule as stated supra in regard to the sufficiency of circumstantial evidence.

As to the second question, the pleas referred to in this question are in the following language:

"5. For further plea defendant says that the policy sued upon contained among other provisions the following:

" 'J. Affirmative proof of loss or damage under oath on forms provided by the Company must be furnished to the Company at its Head Office in San Francisco, California, or to its Eastern Office in New York City, New York, within sixty days from the date of the discovery of such loss or damage. Such proof shall contain a complete inventory of all the property stolen or damaged, stating the original cost, the actual cash value of each article at the time of the loss and the amount of loss thereon, and shall also contain statements in detail as follows: (1) Describing the damage done to the property; (2) defining the interest of the assured in the property for which indemnity is claimed; (3) reasonable evidence of the commission of a burglary, robbery, theft or larceny, to which the loss or damage was due and of the time of its occurrence; (4) describing other similar insurance, if any, on the property insured and the purposes for which and the persons by whom the premises were occupied at the time of the loss. The Assured upon request of the Company shall render all assistance in his power to facilitate the investigation and adjustment of any claim, exhibiting for the purpose any and all books, papers and vouchers bearing in any way upon the claim made and submitting himself and his associates in interest and also, so far as he is able, his employees and members of his household to examination and interrogation by any representative of the Company, under oath is required. In the event of loss or damage for which claim is made the Assured shall, at the request and expense of the Company, take legal action

to secure the arrest and prosecution of the offenders and the recovery of the property.'

"Defendant alleges that neither the insured nor her personal representative did give to it, within sixty days from the date of the discovery of the alleged loss or damage, proof of loss as required by the policy provision aforesaid, wherefore, plaintiff is barred of recovery.

"6. For further plea defendant says that condition precedent set forth in the policy was that the insured should, within sixty days from the date of discovery of loss or damage under the policy, furnish to the defendant proof of loss wherein should be set forth reasonable evidence of the commission of a burglary, robbery, theft or larceny to which the loss or damage was due and of the time of its occurrence but that notwithstanding such condition of the policy, the insured and likewise her personal representative did wholly fail to furnish such proof to the defendant within the time aforesaid and defendant further says that such proof has not been furnished to this date, wherefore; plaintiff is barred of recovery."

It is not contended that no proof of loss was made but the contention is that the proof of loss was not sufficient to comply with the terms of the policy.

The policy provides:

"1. The Assured upon knowledge of any loss or damage shall give immediate notice thereof by telegraph to the Company at its Head Office in San Francisco, California, or to its Eastern Office in New York City, New York, or to a duly authorized agent of the Company and shall also give immediate notice thereof to the public police or other peace authorities having jurisdiction."—and "J" as quoted in Plea No. 5, supra.

There is no question but that provision "I" was complied with. It is contended, however, that the provisions of paragraph "J" were not complied with because the answers to the questions presented in the preliminary notice of loss and in the final proof of loss were insufficient and too indefinite to meet the requirements of this provision of the policy. The preliminary notice was as follows:

> "Preliminary Notice of Loss by Burglary, Larceny or Theft (Supplementing immediate notice given by telegraph)

1. Name of Assured Mrs. Clyde Perry, Sr.

2. No. of Policy_____

3. Address 823 So. Orleans Ave.

4. Date of occurrence of loss. Unknown, 193_____

5. Date Discovered June 22, 1939

6. By whom discovered. Clyde Perry, Jr.

7. When reported to police July 7th 1939

8. At what station-Tampa Police Station.

9. Are the police and detectives working on the case? Yes.

10. Whom do you suspect? Servants and nurses.

11. What, if any, evidence of burglary or theft beyond the disappearance of the property? None.

12. What damage was done to premises? None.

13. How long were premises unoccupied up to the time the loss was discovered? Continually occupied.

14. Were any workmen recently on premises painting, papering, renovating or altering the same (if yes, give names and addresses) Crew of men working on roof about May 25—Hanson Const. Co.

15. Do you carry similar insurance in any other company (If so, give amounts and names of companies) No.

16. Give names of all persons sustaining loss. Mrs. Clyde Perry, Sr.

17. Give detailed story of the loss. Mrs. Perry became ill about June 7th, 1939, and after keeping to her bed at home for several days was taken to the Tampa Municipal Hospital about June 16th, 1939, Mrs. Perry died on June 20th 1939 and a search was begun on June 21st for the rings which were a wedding ring, an engagement ring and a dinner ring, valued at approximately $2000. The last person to notice Mrs. Perry wearing the rings was Mrs. James T. Swann who says Mrs. Perry was wearing them on June 9th 1939. The rings have not been found to date.

18. Estimated total value of property missing is $2000, consisting of: Money $............, Jewelry $2000, Silverware $............, Furs $............, Clothing (other than furs) $............, Damages to Premises $............, Miscellaneous $............

19. What part, if any, of the missing has been recovered. None.

Mrs. Clyde Perry

By Clyde Perry, Jr.
_____
(Signature of Assured)

"Date July 17, 1939."

The material part of the final proof, which was made on September 29, 1939, was as follows:

"1. By your policy of Burglary Insurance No. BLT23369 beginning Nov. 28, 1938, and expiring Nov. 28 1939 you insured Mrs. Clyde Perry The Subscriber hereinafter called the Assured, against loss by burglary, larceny and theft and robbery to the amount of Three Thousand and no/100 Dollars ($3000.00).

"2. There are no endorsements on said Policy except as follows:

No endorsements

(If any endorsement on Policy, attach here exact copies)

"3. The total amount of Burglary or Theft Insurance held by the Assured, or by anyone residing in the premises insured, at the time of burglary or theft, excluding the above mentioned Policy, was in the _____Company under its Policy No. None in the amount of $_____, and in the _____ Company under its Policy No. None in the amount of $_____, and no more. Full copies of all such policies and endorsements are hereto annexed, or will be furnished on demand.

"4. There has been no assignment, incumbrance, chattel mortgage, or change of ownership of the property insured since said policy has been issued, except as follows: No exceptions.

"5. The premises in which the loss herein referred to occurred were occupied at the time of the loss for the following purposes only: Private residents

(State whether private residence, flat, apartment house, hotel or apartment hotel.)

"6.  Were any boarders accommodated?  None. How many?

"7.  The premises insured were occupied at the time of the loss by the following persons:  Mrs. Clyde Perry, Clyde Perry and Rosa Lee Perry.
>  (Give name of each member of the family and guest residing in the premises during life of policy prior to loss)

"8.  The following servants were employed:  Isaac Cook, Emma McDowell.  Nurses employed during illness of Mrs. Perry.
>  (Give name of each)

"9.  On the 21st day of June 1939 at about  P.M. the premises located at 823 South Orleans, Tampa, Fla.,
>  (Give Street No., City and State, and premises actually occupied by the Assured at that address.)

were entered by burglars or thieves in the following manner; method of entrance unknown.
>  (Give full particulars, details and description.)

"10.  The visible marks of entry or exit from said premises are as follows:  None.

"10a.  The reasons for my belief that the loss was occasioned by dishonest employee on the premises or by thieves entering the premises without force or violence are as follows:  During the course of the insured's sickness she was unable to wear the rings which she customarily kept in the house and in her room and after her death the jewelry was missing.

"11.  The names of all persons known or suspected to have been implicated in said loss are as follows: None.

"11a. I have never suffered loss by burglary, theft or larceny either at the premises above described or elsewhere, nor received indemnity therefore, except as herein stated: About 15 years ago some silverware was taken.

"12. The property insured under said policy as itemized and described in the Schedule on the third page hereof was stolen and damage as described on said page was caused to the extent of Eighteen Hundred Fifty and no/100 Dollars (1850.00)."

We think this was a substantial compliance with the requirements of Paragraph "J" of the Policy.

The Declaration alleged compliance with every provision of the Policy.

The record shows that the Insurer had prompt notice of the alleged loss and became immediately active in the effort to locate the missing rings and, failing to locate the rings or to establish the identity of the person or persons who stole them, refused to pay the claim.

We reach the conclusion that the proof of claim made substantially meets the requirements of the Policy and that, therefore, the averments of the pleas, supra, were not established.

We have examined the instructions given by the court which are complained of by the plaintiff in error and find therein reflected no reversible error.

A perusal of the entire record discloses no reversible error and, therefore, the judgment should be affirmed.

So ordered.

BROWN, C. J., TERRELL and ADAMS, JJ., concur.