**R. J. SELLERS v. MRS. VIRGINIA FLAT, joined by her husband, DONALD L. FLAT.**

<table>
<tr><td>21 So. (2nd) 789</td><td>January Term, 1945</td></tr>
<tr><td>April 17, 1945</td><td>Division A</td></tr>
<tr><td>Rehearing denied May 9, 1945</td><td></td></tr>
</table>

*F. Churchill Mellen,* for appellant.

*John M. Coe* and *R. B. Eggart,* for appellees.

ADAMS, J.:

This judgment was recovered for injuries sustained by the operation of defendant's automobile while being operated by a person other than defendant, but with the knowledge and consent of defendant.

The plaintiff's case rested entirely on circumstantial evidence. It was sufficient to convince the jury and to receive the approval of the trial judge.

The defendant insists that the judgment must be reversed because it was not shown by direct evidence that the defendant's car did the injuries, consequently, it was improper to receive circumstantial evidence from which the jury may infer that the car was being driven by someone with the knowledge and consent of defendant. He relies primarily upon Dowling v. Nicholson, 101 Fla. 672, 135 So. 288. He insists that to uphold the judgment would require that we place inference upon inference, which is not sanctioned by the law.

In our opinion, the controlling question in this case involves the question of the sufficiency of the evidence. While the evidence may be of a circumstantial nature, yet, if the circumstances are sufficiently convincing to meet the rule heretofore announced in Fireman's Fund Indemnity Co. v. Perry, 149 Fla. 410, 5 So. (2nd) 862; King v. Weis-Patterson Lbr. Co., 124 Fla. 272, 168 So. 858; Reed v. American Ins. Co., 128 Fla. 549, 175 So. 224, we will uphold the verdict and judgment.

The evidence must be sufficient; first, as to the ownership of the car; second, that it was being operated by someone with the knowledge and consent of the defendant. We have studied the evidence carefully and it appears to be convincing on the question of ownership as well as on the other question, namely, that it was being operated with the knowledge and consent of defendant.

We do not conceive that it would add to the jurisprudence of the law to recite in detail the testimony. Suffice it to say we cannot say that it was insufficient to sustain the verdict when approved by the trial judge.

A motion for a new trial, based primarily on newly discovered evidence, was denied. We find in this the trial judge did not abuse his discretion.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.