63 So.2d 768 (1953)
CITY OF JACKSONVILLE
v.
WALDREP et al.
Supreme Court of Florida, Special Division A.
January 16, 1953.
Rehearing Denied February 13, 1953.
*769 Howell & Howell, Jacksonville, for appellant.
Will O. Murrell and Wm. O. Murrell, Jr., Jacksonville, for appellee.
HOBSON, Chief Justice.
The final judgment from which this appeal is prosecuted must be reversed upon the authority of the City of Miami Beach v. Quinn, 149 Fla. 326, 5 So.2d 593 and Kitchen v. City of Jacksonville, 158 Fla. 621, 29 So.2d 441.
Moreover, the evidence relied upon by appellee to establish the allegation "The plaintiff, Charles Wayne Waldrep, a minor, came upon said watermeter and was caused to trip and fall and be hurled to the ground and was seriously and permanently injured, * * *" is entirely circumstantial in character. Although the nature of the circumstances relied upon to establish the aforementioned allegation is consistent with the theory which would authorize recovery, it is not as conclusive as is demanded of circumstantial evidence for it is "reasonably susceptible of two equally reasonable inferences." Stigletts v. McDonald, 135 Fla. 385, 186 So. 233, 235.
In this jurisdiction in civil cases when circumstantial evidence alone is relied upon to establish the material allegations of a complaint all reasonable inferences deducible from the proven circumstances must be sufficient to overcome all other contrary reasonable inferences. Fireman's Fund Indemnity Co. v. Perry, 149 Fla. 410, 5 So.2d 862. In the last cited case we receded from our pronouncement in the case of Florida East Coast R. Co. v. Acheson, 102 Fla. 15, 135 So. 551, 137 So. 695, 140 So. 467, wherein we inadvertently adopted the rule with reference to circumstantial evidence which obtains in criminal cases.
The present rule in this jurisdiction in civil cases is that which is set forth in the cases of King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 So. 858; Reed v. American Insurance Co. of Newark, N.J., 128 Fla. 549, 175 So. 224, and Fireman's Fund Indemnity Co. v. Perry, supra. In the case of King v. Weis-Patterson Lumber Co. supra, we stated the rule in the following language [124 Fla. 272, 168 So. 859]:
"Where circumstantial evidence is relied on in a civil case to prove an essential fact or circumstance essential to recovery, the rule is that the particular inference of the existence of the fact relied on as arising from the circumstances established by the evidence adduced, shall outweigh all contrary inferences to such extent as to amount to a preponderance of all of the reasonable inferences that might be drawn from the same circumstances. This is a less rigid rule than applies in a criminal case, where the inference drawn must not only be consistent with the fact sought to be proved, but wholly inconsistent with any other reasonable inference to the contrary. City of Pensacola v. Herron, 112 Fla. 742, 150 So. 877; Sovereign Camp W.O.W. v. Hodges, 72 Fla. 467, 73 So. 347."
See also Mutual Life Insurance Co. of New York v. Hamilton, 5 Cir., 143 F.2d 726.
Reversed.
SEBRING, TERRELL and THOMAS, JJ., concur.