**In the Matter of METAL EXTRUSIONS, Inc., Bankrupt.**

**No. 2836–M–Bankr.**

United States District Court
S. D. Florida, Miami Division.

Sept. 7, 1956.

Thomas H. Anderson, Miami, Fla., Marion E. Sibley, Miami Beach, Fla., Sibley & Davis, Miami Beach, Fla., Joseph Gassen, Anderson & Nadeau, Miami, Fla., for petitioners C. B. Porterfield and Morris Margulis.

Herbert U. Feibelman, Harold Friedman, Feibelman & Friedman, Miami, Fla., for respondent trustee L. M. Gerstel.

Marx Faber, Miami, Fla., for the bankrupt Metal Extrusions, Inc.

W. G. Ward, Ward & Ward, Miami, Fla., for respondents to petition for intervention, Ben Marden, Sonny G. Marden, J. J. Pass and National Steel and Copper Plate Company.

CHOATE, District Judge.

This cause having come on to be heard on the 2nd day of July, 1956, upon the Petition To Review (the Referee's "Order Denying Petition To Revise, Restraining Sale, And For Other Relief" entered on March 22, 1956) which Petition To Review was filed herein on March 28, 1956, and to which Petition To Review the Referee filed his Certificate Of Review on April 30, 1956, and the Court, having heard argument of counsel, having granted the parties leave to file briefs subsequent to the said hearing which briefs have been filed and considered by the Court, and the Court having considered the entire record, is of the opinion that the said Order of the Referee of March 22, 1956, should be affirmed for the following reasons.

This case appeared before one of the Judges of this Court once before. In Porterfield v. Gerstel, 5 Cir., 1955, 222 F.2d 137, the Fifth Circuit Court of Appeals held that the allegations of fraud in the Petition For Intervention filed on September 4, 1953, stated sufficient grounds *if proved,* to vacate the adjudication of bankruptcy entered by the Referee. The Court of Appeals made the further observation at page 141 of its opinion:

"The alleged bankrupt has not put in its proof in reply, but we do hold that the intervenors made out a prima facie case, and unless the proof already adduced is met by countervailing evidence, the intervention must be sustained and the adjudication set aside."

Pursuant to the Mandate on that appeal a series of witnesses were examined before the Referee in order to complete the taking of testimony. The Referee's findings upon the full taking of testimony are now before this Court.

This Court is required to accept the Referee's findings unless they were clearly erroneous. Frazier v. Ash, 5 Cir., 1956, 234 F.2d 320, 326; General Orders in Bankruptcy, No. 47.

The Petitioners have attempted to proceed upon this Review as though it were a trial de novo rather than a review to determine if the Referee's rulings were clearly erroneous. But even if this Court were to treat this Review as a trial de novo, the findings of the Referee were entirely proper for by considering and weighing *all of the evidence* presented by both sides there is insufficient proof to support the allegations of fraud in the said Petition for Intervention.

Time-honored in the law is the maxim that a fraud is never to be presumed but it must be established by clear and convincing evidence. Saenz v. Kenedy, 5 Cir., 1949, 178 F.2d 417; Continental Cas. Co. v. First Nat. Bank of Temple, 5 Cir., 1941, 116 F.2d 885; Kashat v. Comm. of Int. Rev., 6 Cir., 1956, 229 F.2d 282; Hazeltine Research, Inc., v. Avco Mfg. Corp., 7 Cir., 1955, 227 F.2d 137; and Pacific Royalty Co. v. Williams, 10 Cir., 1955, 227 F.2d 49.

The evidence must establish each of the five essential elements of fraud, namely, (1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) with intent to deceive, and (5) action taken in reliance upon the representation. Ramey v. Koons, 5 Cir., 1956, 230 F.2d 802; United States v. Kiefer, 1955, 97 U.S. App.D.C. 101, 228 F.2d 448; Justheim Petroleum Co. v. Hammond, 10 Cir., 1955, 227 F.2d 629.

On pages 2 and 3 of the said Petition For Intervention are set forth the allegations of fraud:

"In reliance upon Ben Marden's assurances and representations that he would secure credit for the corporation in the sum of $100,000.00 at 4½%, and his further assurances to the stockholders that he would advance any and all sums necessary to effectively operate the corporation, the stockholders voted to elect Ben Marden a director. The representations made by Ben Marden that he would secure credit for the cor-

poration as aforesaid and advance sums to the corporation as it might need them, were knowingly false, and at the time that he made such representations the said Ben Marden had no intention of performing them, and at the very time that said promises and representations were made to the other stockholders he had already conspired with Sonny Marden and J. J. Pass that as soon as they had control of the corporation they would promptly put it into bankruptcy for the sole purpose of wiping out the interests of your Petitioners."

As stated in the Fifth Circuit opinion these allegations, "*if proved*, would authorize a holding by the Referee that the adjudication should be vacated". (Emphasis supplied.)

■ Applying the five essential elements of fraud to the allegations in the Petition and to the proof presented to support those allegations it is apparent that the petitioners have not succeeded in proving any fraud. The fraud complained of is that Ben Marden misrepresented his intentions in securing his election to the Board of Directors of the Bankrupt, in that he planned at that time to gain control of the Board to throw the corporation into Bankruptcy and to wipe out the intervenors. In effect, it is claimed that Ben Marden misrepresented his intentions immediately prior to his being elected a director. The only proof presented by the intervenors was circumstantial evidence. If this Court were reviewing this evidence as a trial de novo it would apply the rule that where circumstantial evidence is relied upon to prove an essential fact or circumstance, the particular inference of the existence of the fact relied upon as arising from the circumstances established by the evidence adduced must out-weigh all the contrary inferences. Byers v. Gunn, Fla.1955, 81 So.2d 723; Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403; Jacksonville v. Waldrep, Fla.1953, 63 So.2d 768; and Fireman's Fund Indemnity Co. v. Perry, 1942, 149 Fla. 410, 5 So.2d 862.

The pivotal point of reference was Ben Marden's intentions immediately prior to and at the time of his election to the Board of Directors. The circumstantial evidence adduced might be some evidence of his intentions during the few days immediately prior to the Executive Committee meeting of August 18, 1953, at which time the filing of the voluntary petition in bankruptcy was authorized. But whatever might have been Ben Marden's intentions at that time it mattered not, for his intention at the time immediately prior to his election to the Board of Directors is relevant with reference to the alleged misrepresentations. No evidence worthy of noting was produced as to his intentions at the time in question. In fact Ben Marden was not even a member of the Executive Committee, composed of Sonny Marden, J. J. Pass, and C. B. Porterfield, and he never actually voted to authorize the filing of the voluntary petition in bankruptcy.

The Court has further noted the case of Porterfield v. Marden, Fla.1956, 88 So.2d 608, wherein the Florida Supreme Court affirmed the Circuit Judge's dismissal of the complaint which alleged the same matters complained of in the Petition For Intervention herein.

■ The Intervenors having failed to show that the findings of the Referee were clearly erroneous for the reasons above stated, it is,

Ordered and adjudged that the Referee's "Order Denying Petition To Revise, etc." entered on March 22, 1956, be and the same is hereby affirmed.