PER CURIAM.
A petition was presented under F.A.R. 3.16(c), 31 F.S.A., to review a judgment for costs. The petitioner had filed an action at law. The case came on for trial before a jury. A verdict was directed for defendants, and plaintiff appealed. As required by F.A.R. 3.2(f), prior to talcing the appeal plaintiff paid a cost judgment which had been entered by the trial court. We reversed the judgment entered on the directed verdict, and remanded the cause for a new trial (Abrams v. Gresham, Fla. App.1961, 131 So.2d 207). The plaintiff-appellant moved in the trial court to have the appellate costs taxed, pursuant to F.A. R. 3.16(b), and submitted an affidavit listing the following:
“Filing Fees $28.50 Satisfaction of Defendants’
Cost Judgment 107.90
Original and copy of trial transcript 129.20
Cost of Certifying Record 8.50
Total $274.10”
Of the foregoing, the court disallowed thé item of $107.90 representing the amount paid to satisfy the cost judgment in the trial court prior to appeal. Petitioner contends that amount should have been recognized and allowed as a cost of his appeal. Respondents argue the order was correct because such costs should await the ultimate outcome of a second trial and because the original cost judgment paid prior to the appeal was not assigned as error. We hold those contentions of the respondents are without merit for the reason that in a similar situation the Supreme Court treated such a payment as an appeal cost and allowed it in taxing costs following appeal. See King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 So. 858; and King v. Weis-Patterson Lumber Co., 127 Fla. 109, 172 So. 693.[1]
Therefore, on the authority and example of the King case, we hold that the able trial judge was in error in failing to include in his order taxing costs the said amount of $107.90 paid by the plaintiff-appellant as a prerequisite to filing the appeal, and the cause is remanded with directions to the trial court to amend the cost judgment to include said sum.
It is so ordered.

. In tlie King ease, decided in 1936, tlie requirement for a plaintiff-appellant to pay adjudged costs was by statute, under Comp.Gen.Laws 1927, § 4618, later appearing as § 59.09, Fla.Stat., F.S.A. Cf. Simmons v. Gainesville Nelli Bottling Company, Fla.App.1960, 119 So.2d 719. Also, in King the costs were taxed in the Supreme Court after appeal, under Buie 24 of the Supreme Court which allowed costs to be so taxed, or, if not taxed there, then to be taxed in the trial court within 60 days after the filing of the mandate.