PER CURIAM.
Plaintiff appeals from the judgments entered in favor of the defendants pursuant to directed verdicts which were granted by the trial judge at the end of plaintiff’s case, wherein each of the defendants were charged with negligence.
Appellant checked into the appellee-hospi-tal for the removal of his appendix on October 9, 19S9. The operation was performed that evening by the appellee-White, who had obtained the services of the appel-lee-Leslie to administer the anesthetic. Subsequent to the operation, appellant was removed from the operating room to his room without being taken to the recovery room. Appellant had requested appellee-White to *15 ■obtain private duty nurses for him, but they were not available until the next day. There was a registered nurse on the floor where appellant’s room was located.
Both the doctor and the anesthetist looked in on appellant prior to leaving the hospital that night, and everything appeared normal. Shortly thereafter, appellant, while coming ■out from under the effects of the anesthetic administered for the operation, began to thrash about violently. It appears that .after appellant had thrashed about for some time restraints were applied. The .appellant developed a ventral hernia which was first discovered by the appellee-White approximately five days after the operation. The malpractice alleged is that the .appellant’s hernia resulted by virtue of his thrashing about. Had this thrashing been prevented, the injury would not have resulted.
Appellant charged that the two doctors were guilty of malpractice by leaving the liospital prior to such time that the appellant had sufficiently withdrawn from the anesthetic so as to be aware of what reaction, if any, he would suffer and act accordingly. It is appellant’s charge that had either doctor been present when he began to thrash about sufficient action could have been taken to prevent the hernia.
Appellant further charges appellee-White with malpractice in agreeing to obtain special duty nurses and in failing to so do.
In regard to the hospital, appellant alleges negligence on their part because of the delay in coming to his assistance when he was thrashing about.
During the plaintiff’s case both defendant-doctors testified and so did plaintiff’s medical expert.
Giving the appellant the benefit of ■every factual dispute, we are constrained to agree with the trial judge that the plaintiff failed in his proof.
The expert testimony netted out to be that the hernia could have resulted from any one of three causes: (1) the thrashing about; (2) coughing or other strain; (3) the condition of the appellant’s skin where the incision had been stitched was not the kind of skin which was conducive to good healing. It is here that the appellant’s proof failed, in that it did not eliminate the possibility that the hernia did not occur from any other cause but the thrashing. The above states the position in the negative, in other words, the appellant’s proof did not establish that the thrashing resulted in the hernia.
There was a link missing from the chain necessary to establish the appellant’s allegation that the defendant’s activity proximately caused the appellant’s injury.[1] There was no proof that the hernia resulted from the thrashing, even assuming that the thrashing was the result of some negligent act on the part of one, some or all of the defendants.
It is true, as appellant contends, that it would be proper to permit the jury to infer that the hernia resulted from the thrashing, but only if the other reasonable inferences were excluded, that is, that the hernia did not occur from coughing or the nature of the appellant’s skin where the stitches had been made. Before an inference can be drawn from the evidence it must appear that no other reasonable inferences could similarly be drawn.[2]
The failure to obtain special duty nurses as a basis of a doctor’s malpractice is untenable. From the record, it is obvious that an attempt was made but there were none available, and appellant could not reasonably expect more.
*16 We similarly find that the proof fails to support the allegations of negligence in regard to the anesthetist and hospital.
Accordingly the judgments appealed are affirmed.
Affirmed.

. 25 Fla.Jur., Physicians & Surgeons § 77.

. Reed v. American Insurance Co. of Newark, N. J., 128 Fla. 549, 175 So. 224.