PER CURIAM.
The plaintiffs, in a medical malpractice suit, appeal from a judgment n. o. v. for the defendant-doctor following a jury verdict of $3,050 in favor of the plaintiffs.
The defendant performed a hysterectomy upon Mrs. LePrince and during the course of such operation her left ureters (there were two on the left side) were injured requiring a second operation to correct the condition. The medical testimony did not pinpoint the cause of these damaged ureters [1] but, attributed it variously to: (1) a stitch being passed through them during the operation; (2) being crushed, angulated or kinked by a surgical clamp thereby causing occlusion; (3) becoming degenerated because of a disturbance to the blood supply; (4) swelling or inflammation as a result of the surgery; (5) the operation itself may cause a diminishment in the blood supply to the ureter which would result in an obstruction, causing a fistula.[2]
Of the five possible causes of the damaged ureters only two could be attributed to any failure to exercise due care during the operation. On the basis of the record before us, it is our opinion that this case is controlled by Lane v. White, Fla.App. 1964, 167 So.2d 14, wherein it was held that the plaintiff’s proof failed because there were several possible causes of the injury, and the evidence did not eliminate the non-negligent causes.
In the instant case, the same is true. The plaintiffs did not establish that the negligent causes were the only possible reasons for the injury. Failing this, it would be inviting the jury to engage in a guessing game to submit the case to them.[3] The trial judge was eminently correct in granting the defendant’s motion for judgment n. o. v., and his action is affirmed.
Affirmed.

. The ureters were not in any way involved in the hysterectomy, but they are located in the same general vicinity although they are not visible at all times to the surgeon during this type of operation.

. Mrs. LePrince had extra ureters, a congenital condition existing in a small percentage of women, causing them to be closer to the cervix (site of the hysterectomy) than usual.

. Horowitz v. Schwartz, Fla.1954, 74 So.2d 801.