74 So.2d 801 (1954)
Ada HOROWITZ, Appellant,
v.
George SCHWARTZ, as Executor of the Estate of Henry W. Pracht, Appellee.
Supreme Court of Florida. Division A.
October 1, 1954.
Paul A. Louis, Norman A. Shandelman, Miami, Melvin M. Belli, San Francisco, Cal., for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
TERRELL, Justice.
Appellant brought this action against appellee, the complaint being couched in two counts, one based on malpractice and the second on fraud and deceit of Dr. Henry W. Pracht in treatment of appellant while she was his patient. Answer was filed and the case was tried before a jury. At the conclusion of the plaintiff's case the trial judge announced his intention to direct a verdict for the defendant when the plaintiff elected to suffer an involuntary nonsuit. Judgment was so entered and the plaintiff has appealed from that judgment.
Appellant urges three questions as predicate for reversal but in our view the sole question for determination is whether or not the plaintiff offered any evidence on which a jury could have laid a verdict in her favor against Dr. Pracht for malpractice.
The case arose from these facts: plaintiff called on Dr. Pracht at his office December *802 8, 1952, complaining of nausea of several days' duration and a severe pain in her lower right abdomen. Dr. Pracht diagnosed her trouble as acute appendicitis, advising immediate surgery. Plaintiff was admitted to the hospital late on December 10 and was operated on the following morning. At the operation Dr. Pracht was assisted by two other practitioners, the assistant surgeon and the anesthetist, both licensed doctors. In addition, the operating room complement included the usual number of nurses, one of whom had worked with Dr. Pracht on numerous operations previous to appellant's. The operating record indicated that the doctor opened the abdomen in the usual manner and encountered a large mass, including the ascending colon and cecum, the ileocecal junction having been identified. The report indicates that the ascending colon and cecum were bound down by many adhesions but that other usual landmarks were obliterated and that mesenteric lymphodis was prominent. The report also states that the terminal ileum was palpitated and freed of the adhesions but that the doctor was unable to find the appendix or remnants. An old abscess cavity was opened and explored but the walls were not disturbed. The cavity was filled with sulpha, all other adhesions freed and all bleeding controlled, the abdomen was closed and a Penrose drain inserted. The post-operative diagnosis appearing on the operating record was acute exacerbation of an old ruptured appendix or appendiceal abscess.
Plaintiff was kept in the hospital for treatment and fourteen days after the operation commenced draining fecal matter from the incision. The doctor's records indicate that the Penrose drain was removed December 30, and on January 10, 1953 a fecal fistula was diagnosed as having appeared at the site of the operative incision. A few days later the plaintiff was sent home for conservative treatment of the fistula, Dr. Pracht visited her frequently, she had family and visiting nurse's care, but the fistula continued to drain fecal matter and did not heal or close promptly as expected. Dr. Pracht during the latter part of February recommended that she be returned to the hospital for consultation with another doctor and further hospital treatment. At this point the plaintiff discharged Dr. Pracht and employed Dr. Julian A. Rickles, who made the same recommendation that plaintiff be returned to the hospital for further treatment. After X-rays and other laboratory examinations and after almost a month of hospitalization a second operation was recommended and performed on March 20. The fistula was closed and a separation of the ascending colon from the cecum was discovered but continuity was preserved as the area of the separation was walled off by the omentum. The evidence shows that a complete separation of the colon from the cecum could not have been there when plaintiff left the operating room from the first operation.
After eleven days' treatment at the hospital, plaintiff was discharged in excellent condition. She returned to work, and Dr. Pracht died May 13, 1953, a few weeks after appellant's discharge from the hospital. Two months later this suit was filed against Dr. Pracht's estate. Not long after the second operation the appellant developed colitis. Dr. Rickles had appellant returned to the hospital, called in Dr. Samuel Gertman, made other laboratory tests, diagnosed and pronounced her trouble as idiopathic chronic ulcerative colitis, different from any previous trouble, although the pathological report after the second operation showed sub-acute enteritis and it was shown that plaintiff had colitis fifteen years before and had been bothered by intermittent weakness, malaise and by diarrhea for the entire fifteen-year period. Dr. Gertman testified that if plaintiff had apprised him of this he would have been suspicious of colitis during all this period.
On these facts and the testimony adduced, the trial court determined "that the evidence falls far short of establishing a case which would warrant the return by the jury, viewing the evidence in the light most favorable to the plaintiff, of a verdict in her favor, and I am going to direct a verdict in favor of the defendant." The evidence consists of exhibits, operating records of *803 doctors and nurses, depositions and verbal testimony. As to the latter, the question presented turns on the evidence of Dr. Rickles who performed the second operation and was the only one testifying who had a chance to observe what took place as a result of the first operation performed by Dr. Pracht over three months earlier. At the conclusion of Dr. Rickles' testimony, for the purpose of clarity the Court took over the examination and the following colloquy took place:
"The Court: I want to ask the Doctor a question or two in the interest of simplifying the testimony.
"Q. (By the Court) It is charged in this case that the deceased doctor totally transected the cecum and ascending colon of the plaintiff. I want to ask you if you are prepared to state or express an opinion with confidence, professional confidence in its accuracy, that the transection of the colon, which you observed, was caused by the surgeon's knife? A. Well, there would be no way of stating positively that the surgeon's knife actually caused a transection, but what I can say positively 
"Q. I just want you to answer my question. A. The reasonable accuracy is that  as I mentioned first  is that it is possible to injure an intestine going 
"Q. I want you to answer just the question simply yes or no. Are you prepared to and can you express the opinion with confidence in the accuracy of the opinion, that the transection was caused by the surgeon's knife? A. Well, I would say no.
"Q. Can you express an opinion with professional confidence in its accuracy as to just what the cause of the transection was? A. Well, I believe the most likely cause of the transection 
"Q. I didn't ask you that. Can you express an opinion with reasonable professional confidence in the accuracy of the opinion, as to what the cause of the transection was? A. Yes, that is the complete division of the bowel; no, I don't think we could on that one exact point.
"Q. Can you state or can you give any opinion on the question of whether or not anything which the doctor in the performance of the operation in December did, or did not do, which was the cause of the transection? A. Well, I would say this, that it is with reasonable accuracy that we can assume that this bowel was probably  this intestine cecum was probably damaged during the previous operative procedure. Now, whether or not that could have been avoided, I cannot state with any degree of honesty or accuracy.
"Q. Could that result have followed the doctor's pursuit of the usual practices and standards of his profession in this community? A. Yes, it is perfectly possible in the presence of an abscess to cut into an intestine without knowing it.
"The Court: That is all."
Dr. Rickles' testimony also revealed that the transection of the colon could have resulted from the rupture of a diverticulum, that it was not separated at the closing of the abdomen at the conclusion of the first operation, that it may not be possible to identify normal landmarks or other indicia when a large abscess is found on opening the abdomen, that the best thing to do is to close the wound, drain the mass and treat it conservatively, that it appeared from the operating report Dr. Pracht proceeded in accordance with approved standards of practice, that an attempt to correct an abscess or treat a colon in condition of appellant's may result in damage that may not be obvious at the time, that the transection of appellant's colon could have developed over a period of months, how it occurred Dr. Rickles could not tell except nature had taken care of the situation sufficient to save appellant's life. Dr. Rickles also testified that the fistula and the transection *804 of the colon were not caused by blowing an ulcerative colitis, that the common causes of fistula following an appendectomy are regional ileitis or chronic ulcerative colitis. Dr. Pracht, however, did not perform an appendectomy. Dr. Rickles and Dr. Gertman, the plaintiff's expert medical witness, testified that these results could have happened with the operating surgeon, Dr. Pracht, being thoroughly competent and employing the instruments, methods and techniques generally used by competent surgeons in Dade County.
It is a serious matter to charge a surgeon with malpractice. He should not be convicted on speculation or other than reasonable proof of the charge. He cannot be convicted for pure accident or for other results incident to his treatment if he was exercising the best approved methods known to medical science with care and diligence. As to treatment after the operation, it is shown conclusively that this was done. As to the surgery, the evidence is indefinite, inconclusive and not such that a jury can predicate a verdict in favor of the plaintiff for presumptive negligence. After all is said, the real point in the case is whether or not in his search for appellant's appendix the evidence shows that Dr. Pracht negligently transected the colon or caused its transection. He was not present to defend himself and I think the "evidence falls far short of establishing a case" that would warrant a verdict in favor of the plaintiff.
We do not overlook the well-settled rule that the weight and probative value of the evidence is a jury question, but in this case we do not reach that point. The evidence is such that a verdict for the plaintiff should not be permitted to stand. When this is the case the trial court should direct a verdict for the defendant. That is what he did in this case and we think he entered the proper judgment. It is accordingly affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.