PIERCE, Judge.
This is an appeal by Robert Wallace Cude, plaintiff below, from a final judgment entered in favor of appellee Dr. D. L. Deal, defendant below, pursuant to a directed verdict at trial.
Cude sued Dr. Deal, alleging malpractice in medical treatment of Cude in his treatment for an injury to Cude’s left foot resulting from an industrial accident. Cude was admitted to Jackson Memorial Hospital in Pasco County on February 20th, 1965, the day of the accident. Dr. Deal treated the foot injury that day and on the following day, February 21st, Cude was discharged from the hospital upon telephonic authorization from Dr. Deal. No antibiotics had been prescribed. Two days later, on February 23rd, Cude was readmitted to the hospital and a condition of gangrene was diagnosed. Three days later, on February 26th, Dr. Deal amputated the third and fourth toes of Cude’s left foot. In due course, the instant suit was filed against the hospital and Dr. Deal. The hospital was eliminated by summary judgment, and the case came on for trial against Dr. Deal upon the issue of malpractice based upon his failure to prescribe antibiotics and also authorizing Cude’s first discharge from the hospital by telephone message. It was contended these were below the proper standard of medical care.
At the trial, Cude’s expert witness, a Dr. Wolfe, was examined at length upon his findings and conclusions from the hospital records. He gave his opinion that the failure to prescribe antibiotics and the discharge from the hospital by telephone were below the standard of care, but he did not testify nor was he asked whether there was any cavial connection between such sub-standard care and “the *712 last hospital admission or the amputation”. No other proof was offered by Cude indicating causal connection and the trial Judge thereupon directed a verdict for the doctor. Final judgment was thereupon entered for the doctor, from which judgment Cude appeals to this Court. We affirm.
We have carefully analyzed the record here and find there is no proof relating to the failure to prescribe antibiotics and the first hospital discharge, on the one hand, with the second hospitalization and surgical amputation of the left foot, on the other hand. This was necessary to make out a case for the jury on the issue of medical malpractice. It goes back to the old principle of proximate cause. See Horowitz v. Schwartz, Fla.1954, 74 So.2d 801, a medical malpractice case. So the directed verdict on the whole evidence was proper.
Our main item of concern on this appeal was the action of the trial Judge in interrogating Dr. Wolfe in his Court chambers in the absence of counsel for both sides, immediately after Dr. Wolfe had been laboriously examined in open Court. However, the record clearly shows this was obviously done for the sole purpose of clarifying, in the Judge’s mind, the fact that Dr. Wolfe had given no testimony on the matter of causal connection. The interrogation in the Judge’s chambers was taken down by a Court reporter and, upon questioning by the Judge, Dr. Wolfe was definite on the point that he had given no such testimony nor had he been asked such question in his courtroom testimony. This was all the in-chambers interrogation was concerned with.
Undoubtedly, this constituted an irregularity of trial procedure, possibly a gross one. But a close inspection of the transcript of record here discloses that before the Judge went into his private chambers with Dr. Wolfe he expressly apprised respective counsel in open Court of his desire to clarify a question concerning Dr. Wolfe’s testimony “out of the presence of counsel * * * I would like to have permission of both counsel to do this. It would aid the Court * * * all I am saying, I would like permission to do this. I won’t do it without your permission * * * I need some information which I might need in making the ruling [on a prospective motion for directed verdict].” Counsel for Cude then said “Okay”, Counsel for Dr. Deal said “Yes”; to which the Judge responded “Gentlemen, I appreciate it. Thank you.”
Thus, what was done was with the full knowledge of respective counsel beforehand and was done with their express approval and consent. Cude is therefore in no position now to complain, even if the ex parte interrogation episode was improper and irregular — and we think it was. It has been effectually waived by both parties, which includes Cude.
The judgment appealed is therefore—
Affirmed.
HOBSON, C. J. and LILES, J., concur.